LEO GLASS *vs.* STATE BOARD OF PUBLIC ROADS.

NOVEMBER 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Automobiles. Licenses. Trial.*

As the hearing before the State Board of Public Roads on the revocation of an automobile license, is a judicial hearing, the decision of the Board must be based upon legal evidence of sufficient weight to support the specific charges made.

*(2) Automobiles. Licenses. Revocation. Charges.*

Under the provisions of The Motor Vehicle Act (cap. 1354, Pub. Laws) authorizing the State Board of Public Roads to revoke an automobile license "for any cause it may deem sufficient," the Board has power to act only on the charges made.

*(3) Automobiles. Licenses. Revocation.*

Action of the State Board of Public Roads in revoking license on the ground that licensee was an unfit and improper person to be licensed, having after hearing found him guilty of a single offence of receiving stolen goods, reviewed and held that the evidence was not sufficient to support the finding.

*(4) Automobiles. Licenses. Revocation. Proof. Trial.*

The hearing by the State Board of Public Roads on the revocation of an automobile license, is civil in its nature even though the charge against licensee is the commission of a crime, and the offence may be established by the preponderance of the evidence.

*(5) Automobiles. Licenses. Trial. Proof.*

On an appeal from action of State Board of Public Roads in revoking an automobile license, where the record shows improper and prejudicial testimony, it must clearly appear that after excluding such testimony there was sufficient legal testimony to satisfy the requirement of proof by a fair preponderance of testimony.

*(6) Automobiles. Licenses. Revocation. Grounds.*

The power of the State Board of Public Roads to revoke a license is not restricted to cases where the right of the public to use the highway in safety is involved, but where the holder of a license is charged with an offence of such a nature or committed in such a manner as to show deliberate disregard of the criminal law, although the crime is not directly connected with the operation of an automobile it may properly be held that the wrongdoer is not entitled to hold a license.

*(7) Automobiles. Licenses. Revocation. Grounds.*

*Semble;* that the State Board of Public Roads is warranted in revoking or refusing a license whenever in good faith and in the exercise of a reasonable discretion they find that the probable use of the automobile by the licensee would be a detriment to the public safety, welfare or morals.

APPEAL from decree of Superior Court reversing order of State Board of Public Roads in revoking automobile license. Appeal dismissed.

STEARNS, J. This cause was heard on the appeal of the State Board of Public Roads from a final decree of the Superior Court, whereby the action of the State Board of

Public Roads in revoking the license of Leo Glass for operating a motor vehicle upon the public highways was overruled.

Glass, who had received a license to operate a motor vehicle from the State Board of Public Roads, was notified to appear before the Board and show cause why his license should not be revoked. The specific charge was that Glass was guilty of receiving certain goods which had been stolen in this State while in transit on an interstate railroad. After a hearing the license of Glass was revoked on the ground that in the opinion of the Board he was an unfit and improper person to be licensed to operate a motor vehicle.

From the transcript of the testimony it appears that at the hearing Glass, who was represented by counsel, entered a plea of not guilty to the charge, that several witnesses were sworn and testified, the examination being conducted by way of examination and cross examination.

It further appears that Glass, who was engaged in the jobbing business on North Main street, in the city of Providence, bought the cotton cloth, etc., not from the thieves, but from certain persons who had bought the property from the thieves. The price paid was less than the market price and this fact, in connection with the knowledge of Glass that the vendors were engaged in the business of selling and buying poultry throughout the State, and not in handling cotton cloth, was sufficient, it was claimed, to give notice to Glass that the transaction was irregular and improper. The stolen goods were delivered to Glass by automobile belonging to the vendors. Glass testified that his suspicions were aroused, that he insisted on having a bill of sale; that payment was made by his check, on the face of which appeared a statement of the goods for which payment was made, which payment by check, by agreement, was not made until after Glass had sold the goods, that some of the goods by Glass's order were delivered directly to reputable dealers by the vendors. After the arrest of Glass he gave the authorities the names of the persons from whom he had

bought the goods and as a consequence the vendors were .apprehended.  After their arrest and at the hearing one of the persons who had sold the goods to Glass made the statement that at the time of the sale to Glass they had told him the goods had been stolen.  This was denied by Glass, who claims that the charge thus made was inspired by the desire for revenge.

At the time of the hearing the case against Glass, who had been bound over to await the action of a Federal Grand Jury, was under consideration by that Grand Jury, but no report thereon had been made.

By Section 8 of The Motor Vehicle Act (Chap. 1354, Pub. Laws), it is provided that any person aggrieved by an order of the Board may appeal to the Superior Court by filing a petition and setting forth therein the grounds of appeal; that said petition shall follow the course of equity so far as applicable, and upon hearing the court "may review the evidence presented before the board and may in its discretion affirm or overrule or modify the order of the board." At the hearing in the Superior Court, the transcript of testimony taken before the Board was presented to that court for review, and upon consideration thereof the action of the Board in revoking the license of Glass was overruled.

The first question raised by the appeal is, was the action of the State Board warranted by the evidence in the case? By Section 7 of the act it is provided that "The board may, after a hearing of which at least three days' notice in writing has been given to the licensee, for any cause it may deem sufficient, enter an order suspending or revoking the license of any person to whom a license has been issued," that the license of any person who has been convicted in any court of any violation of Section 17, which relates to the operation of motor vehicles, and Section 18, which establishes "Rules of the Road" for automobile drivers, may be revoked by the Board upon receipt by it of a certified copy of such conviction.  Section 22 provides that records of all violations of the act shall be kept by the courts and a certified

copy of the abstract of the record in each case shall be sent by the court within ten days of the time when such case is disposed of. The judge of any court may make such recommendation to the Board as to the suspension or revocation of the license of the defendant as he may deem necessary. In other sections penalties of fine and imprisonment are provided for violations of the act.

(1) It thus appears that after conviction in any court of any violation of Section 17 or Section 18, the Board may revoke a license after the receipt of a certified copy of the record of conviction without any hearing of the accused. In other cases the Board must give the licensee an opportunity to be heard before revoking his license. The Board however may properly in certain cases suspend a license without any hearing; for instance by Section 26 the Board is given authority, when death results from an automobile accident, to forthwith suspend the license of the operator of the car, but the license can not be revoked until after an investigation is made or a hearing is held by the Board. Throughout the statute a distinction is made between the right of suspension and of revocation. The hearing provided by the statute is judicial in its nature (Sec. 27). The Board may summon witnesses, administer oaths, order the production of books and documents, and take testimony of witnesses who are entitled to receive fees for attendance and travel. A failure of a witness to appear and testify when summoned is made a misdemeanor. As the hearing is a judicial hearing it follows that the decision of the Board must be based on legal evidence of sufficient weight to support the specific charges made. By the terms of the act the Board may in its discretion refuse to grant a license to any applicant, whom for any reasons it considers an improper person. A broad discretion is thus given to the Board which of course must be exercised in a manner reasonable and not arbitrary. But the power to revoke a (2) license after a hearing is more restricted. The words of the act "for any cause the board may deem sufficient" must be

construed in the light of the other parts of the act.   The provision for notice and hearing restricts the power of the Board to act only on the charges made.   The Board revoked the license on the ground that Glass was an unfit and improper person to be licensed. . The only support for this finding is that the Board found him guilty of a single offence of receiving stolen goods.   In our opinion the evidence is not sufficient to support this finding.   As the proceding in this case is civil in its nature, even though the charge is the commission of a crime, the offence may be established by the preponderance of the evidence.   *Nelson* v. *Pierce*, 18 R. I. 539.   And it is not necessary to prove the fact beyond a reasonable doubt as in a criminal proceeding.

In weighing the testimony we have taken into consideration the fact that the members of the Board are usually laymen and not lawyers.   Although in the circumstances it is perhaps too much to expect that the established rules of legal procedure should be followed with the exactness required of a court of law, yet it is only fair to the accused that there should be a substantial compliance with the fundamental rules of legal proceedings.   The bulk of the testimony in this case was mere hearsay testimony, which, if believed by the Board, was highly prejudicial to Glass.   As this testimony was introduced by the Board it undoubtedly was relied upon by them in reaching a decision.   Although there was some other evidence, yet where as in this case, improper and prejudicial testimony is found in the record it must clearly appear that after excluding such testimony there is sufficient legal testimony to satisfy the requirement of proof by a fair preponderance of testimony.

The trial justice held that the Board had power to revoke or to refuse to grant a license only in cases where the right of the public to use the highway in safety was involved; that as the licensee in this case was not accused of any offence which was accomplished by the use of the automobile or which was a result of such use, the action of the Board was unwarranted by the statute.   We do not think

that the power of the Board is thus limited. The intent of the act is to secure the safety of the public in the use of the public highways, and also, we think, to protect the public by preventing the use of the automobile for purposes and in ways that are injurious to the community. The use of the automobile today by the criminal class is a menace to the community. By its use the commission of crime is made easier and the apprehension of the criminal more difficult. It is conceded that if the automobile is used in the commission of crime the license of the operator may properly be revoked. But we do not think it was the intention of the legislature to compel the Board to refrain from action until the licensee had actually made use of his automobile in the commission of crime. By Section 13, Chapter 345 Gen. Laws, it is provided that the receiver of stolen goods shall be deemed guilty of larceny. In other words, he is considered a thief and is punished as such. We think that a thief should not be permitted to operate an automobile for as long as his character remains unchanged, the danger of his making unlawful use of the automobile is such that the privilege should be denied to him. By the act a wide discretion is given to the Board, both in the granting and the revocation of licenses. But the exercise of the discretion must be reasonable and is subject to review by the courts. Proof of the commission of any crime, regardless of its nature, however is not in every case sufficient to disqualify a person from holding a driver's license. Many violations of law are made crimes regardless of the intent of the wrong doer. To refuse to grant or to revoke a license because of the commission of such an offence we think would be unreasonable and unwarranted. When, however, the offence is of such a nature, or committed in such a manner, as to show a deliberate disregard of the criminal law, even although the crime is not directly connected with the operation of an automobile, it may properly be held that the wrongdoer is not entitled to hold a license.

Without attempting in advance to establish a rule which will govern all possible cases, we think the Board is warranted in revoking or refusing to grant a license whenever in good faith and in the exercise of a reasonable discretion they find that the probable use of the automobile by the licensee would be a detriment to the public safety, welfare or morals.

Our conclusion is that if proper proof of the offence of receiving stolen goods is made the Board in its discretion may revoke the license of Glass. The proof is insufficient in this case.

The appeal of the respondent is dismissed, the decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Philip C. Joslin, Ira Marcus,* for Glass.

*Charles P. Sisson, Assistant Attorney General,* for Board.