Keith Philip **MURPHY**, a minor, by and through his mother and next friend, Marian C. Murphy, Petitioner,

v.

William D. **HEATH**, Director, Department of Motor Vehicles, Respondent.

No. 4612.

District of Columbia Court of Appeals.

Argued June 9, 1969.

Decided Aug. 7, 1969.

**422**

Michael Ritz, Jr., Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before KELLY, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

By a suspension order of November 30, 1967, a Permit Control Officer of the Driver Improvement Section, District of Columbia Department of Motor Vehicles, suspended petitioner's operator's permit and privileges [1] because he "did operate a motor vehicle in a reckless manner * * * under the influence of intoxicating liquor." [2] The suspension was to be effective on December 5, 1967, and thereafter "pending disposition of charges now pending in the court and a final decision by the Department of Motor Vehicles." See Silver v. McCamey, 95 U.S.App.D.C. 318, 320, 221 F.2d 873, 875 (1955). By a "final order" the Director of Motor Vehicles affirmed the suspension order. Jurisdiction of this Court was timely invoked pursuant to D.C.Code 1967, § 11–742.

At the time of hearing before the Permit Control Officer, petitioner, without citation of authority, challenged the jurisdiction of the administrator to conduct the suspension hearing [3] "on the ground that only the Juvenile Court can make this determination." In his Petition for Review in this Court reliance is placed on D.C.Code 1967, § 11–1551, which provides in pertinent part that "* * * the Juvenile Court has original and exclusive jurisdiction of all cases and in proceedings: (1) concerning a child * * *: (A) who has violated a law, * * * of the District of Columbia".

Petitioner's contention is that "the Juvenile Court is the only tribunal where petitioner could have been tried" on the charge of driving a motor vehicle while under the influence of intoxicating liquor. Such contention misses the point. As the Permit Control Officer correctly observed: "Our primary function here is to determine whether he [petitioner] is a safe and proper person to remain [operat-

---

1. Petitioner was a child seventeen years of age. *See* D.C.Code 1967, § 16–2301. At the time of the hearing petitioner was awaiting disposition of a petition filed against him in Juvenile Court arising out of the incident in question.

2. Such conduct was alleged to have amounted to operation of a motor vehicle in such a manner as to show a flagrant disregard for the safety of persons or property.

*See* Part V, Section 5(a), Traffic and Motor Vehicle Regulations.

3. Beginning on its effective date, October 21, 1969 the District of Columbia Administrative Procedure Act, D.C.Code, §§ 1–1501 et seq., permits immediate review of such an unsuccessful challenge to jurisdiction by this Court unless the Court shall otherwise defer decision. D.C. Code 1967, § 1–1510, (1969 Supp. II).

ing a motor vehicle] in the streets." See Bungardeanu v. England, D.C.App., 219 A.2d 104, 107, 16 A.L.R.3d 739 (1966). Such was the actual scope of the hearing under the regulation. See Lister v. England, D.C.App., 195 A.2d 260, 261 (1963) and footnote 2, *supra*. The mere fact that the proof tended to reveal that petitioner was driving while under the influence of alcohol did not thereby convert the proceedings, administrative in character,[4] into a judicial proceeding of the kind Congress assigned exclusively to the Juvenile Court. It is quite clear that the Congress intended no such anomalous limitation on the authority it conferred upon the administrator under D.C.Code 1967, § 40–302(a).[5] The Juvenile Court, a court of limited jurisdiction, is given no such administrative function or authority. Indeed, under D.C. Code, 1967, § 16–2308, the Juvenile Court is given specific authority as to the determination and adjudication of juvenile cases brought under § 11–1551, *supra,* and no such collateral authority is there expressed or may even be implied. Thus, if petitioner were correct there would exist a void in administrative power to suspend a juvenile's license pending Juvenile Court action. Accordingly, we hold that the exclusive jurisdiction in judicial proceedings conferred by the Juvenile Court Act on the Juvenile Court is not a jurisdictional bar to the administrative action of suspending an operator's permit.

■ The evidence presented through the testimony of the arresting officer revealed that when stopped for a defective tail light, petitioner and the car smelled of alcohol and about ten empty beer cans were visible in the front and back seat areas. When petitioner alighted at the officer's request he was so unsteady that at times he needed to support himself on the fender. He stated to the officer that he had consumed "six beers at home". Based on the testimony, there was substantial evidence on which the Permit Control Officer might properly have rested the order of suspension. Accordingly, we are not free, as petitioner asserts, to overturn that decision.

■ Petitioner also contends that the statement he made to the arresting officer about having consumed "six beers at home" was improperly introduced into evidence at the hearing. His contention is based upon the privilege against self-incrimination and the right to counsel. However, petitioner failed to object when questions calculated to reveal petitioner's statement to the arresting officer were asked. Moreover, petitioner offered no evidence on which to predicate his present assertion. Accordingly, the record fails to support petitioner's contention that the admission "was allowed in violation of his constitutional rights."

Petitioner's statutory claim that evidence was improperly admitted against him at the hearing rests on D.C.Code 1967, § 11–1586(c).[6] However, during the hearing, petitioner failed to urge this ground as a basis for objection to any part of the testimony. Accordingly, even if § 11–1586(c), *supra,* was intended to prohibit disclosure or use of certain information in such an administrative suspension hearing, the

---

4. Commonwealth v. Cronin, 336 Pa. 469, 9 A.2d 408, 125 A.L.R. 1455 (1939).

5. It would indeed strain reason to conclude, in the absence of express legislative intent, that Congress intended, for the sake of safety in the streets, to permit suspension, *pendente lite,* of an adult's driver's license but not that of a juvenile.

6. That section provides:
   "Whoever, except for the purposes permitted and in the manner provided by subsections (a) and (b) of this section, discloses, receives, or makes use of, or authorizes, knowingly permits, participates in, or acquiesces in, the use of information concerning a juvenile before the court, directly or indirectly derived from the records, papers, files, or communications of the court, or acquired in the course of official duties, upon conviction thereof, shall be guilty of a misdemeanor, and shall be fined not more than $100 or imprisoned not more than ninety days, or both."

record fails to show whether any testimony was the product of information covered under that proscription.

However, petitioner did inquire on cross-examination of the arresting officer concerning whether he was responsible for seizing petitioner's permit and turning it over to the Department of Motor Vehicles along with the facts relative to the incident. The officer responded that he and the juvenile officer were responsible for such actions. At this point, and only by way of final comment, counsel for petitioner observed that it was "a crime for anyone who receives information in the course of his duty to turn it over to any agent without the court's permission. So, obviously, we have a conflict of [between] two statutes."

Taking that observation as another objection aimed at jurisdiction, and assuming without deciding the applicability of § 11–1586(c), *supra*, to such proceedings,[7] we are not persuaded, on this record, that any testimony given was the product of a disclosure or use of "information concerning a juvenile *before the court*, directly or indirectly derived from the record, papers, files, or communications *of the court*, or acquired in the course of official duties * * *." (Emphasis supplied.) Indeed, the record reveals that the testimony given related to events immediately before and after arrest. Neither this administrative proceeding nor the testimony given can be said, on this record, to have derived from any assumed violation of § 11–1586(c), *supra*.

Petitioner's remaining contention deals with a statement by the arresting officer that petitioner refused to give a urine specimen. Immediately after hearing of petitioner's statement about drinking "six beers at home" the Permit Control Officer asked: "Was there a chance of [a] urine

specimen being taken?" The arresting officer replied: "No sir. Refused." No further testimony was given on the subject. In view of the testimony relating to the odoriferous condition of the car and petitioner, his unsteady condition, and an unchallenged admission that he had earlier consumed a substantial quantity of beer, we conclude that such reference to petitioner's refusal was not of sufficient magnitude to fatally infect the fairness of the hearing. Accordingly, the order of suspension is

Affirmed.

---

7. *See* D.C.Code 1967, § 40–609(e), Stuart v. District of Columbia, D.C.Mun.App., 157 A.2d 294 (1960) and Davis v. District of Columbia, D.C.App., 247 A.2d 417 (1968). *But cf.* Schmerber v. California, 384 U.S. 757, 771, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966).