**Daniel T. GRIFFIN, Petitioner,**

**v.**

**William D. HEATH, Director of Motor Vehicles.**

**No. 4681.**

District of Columbia Court of Appeals.

Argued July 29, 1969.

Decided Oct. 15, 1969.

J. C. Williams, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principle Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, appeared on the brief, for respondent.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

Petitioner asks us to overturn an order by respondent restricting for six months his privilege to operate a motor vehicle within the District of Columbia on weekdays to the hours between 7:30 a. m. and 7:30 p. m. and on Saturday between 10 a. m. and 5 p. m. Petitioner is a resident of Virginia and employed as a salesman by Sperry Rand with accounts in downtown Washington which require him to use an automobile. He was charged by police with driving under the influence of alcohol, operating at an unreasonable speed, failing to give full time and attention to his driv-

ing, and colliding.[1] The charges arose out of an accident occurring on the night of January 12, 1968, when petitioner turned right from Wisconsin Avenue onto 34th Street, a one-way street, and struck a parked car on the south side of that street and then veered over and hit a car parked on the north side of 34th Street.

Petitioner was served with a notice that his privilege to drive in the District of Columbia had been suspended for driving "while apparently under the influence of intoxicating liquor." He received a hearing from the Department of Motor Vehicles at which he testified that on the night in question a small animal ran in front of him and when he swerved to avoid it his car skidded. 34th Street was dry that night although there were ripples of ice on several manhole covers in the street. He admitted having had two drinks during dinner at a nearby restaurant prior to the accident but denied that he was under the influence of alcohol. Petitioner produced a witness who testified that he arrived within an hour at the police station to which petitioner was taken after the accident and observed a cut on petitioner's head. In his opinion petitioner was not drunk.

The police officer responding to the scene of the accident testified that he had difficulty arousing petitioner who was slumped over the steering wheel of his car and that there was a strong odor of alcohol on petitioner's breath. Petitioner's reaction, such as confused speech and inability to stand without support, were those of a person who had been drinking in the opinion of the officer. The impact of the accident had moved both parked vehicles. One of them had been knocked seven feet onto the sidewalk and petitioner's car suffered damages estimated at $800.

The police officer referred during his testimony to a statement made to him on the scene by a woman who had been standing in front of the Safeway store located on the other side of Wisconsin Avenue from the mouth of 34th Street. She stated that she heard tires squealing and saw petitioner drive "fast south on Wisconsin Avenue" and strike the parked autos. She went over to him and asked if he needed medical attention but he said he was "alright".

The hearing officer, after reviewing the testimony, suspended petitioner's right to drive in the District of Columbia for six months. Upon appeal, respondent modified the permit suspension order so as to enable petitioner to drive in the District of Columbia during his work day.

■ Petitioner first argues that he was prejudiced because the notice of the hearing was insufficient to apprise him of the issues to be considered therein. The notice of suspension furnished petitioner prior to the hearing stated that his suspension was for operating a vehicle "apparently" under the influence of alcohol. At the conclusion of the testimony the hearing officer ordered petitioner suspended because he had operated a motor vehicle "at an *unreasonable speed* for existing conditions [and] collided with two parked vehicles while under the influence of intoxicating liquor". (Emphasis supplied.) It does not follow from the fact that the hearing notice omitted reference to petitioner's speeding charge while the suspension order rested in part on petitioner's excessive speed that he was so unaware of the nature of the charges against him as to have been unable to present his defense adequately. A reading of the transcript of the hearing shows that petitioner developed *all* the facts surrounding the accident, not just those relating to his drinking, and he does not now allege additional evidence which he failed to submit at the hearing. The accident was

1. The Corporation Counsel dropped the first two charges and petitioner pleaded guilty to the other two and was sent to traffic school. Failure to prosecute one for traffic violations does not bar a subsequent administrative proceeding to determine if his driving privileges should be revoked. Pieri v. Director of Motor Vehicles, D.C.App., 192 A.2d 807, 808 (1963).

not separable into different compartments of colliding, speeding, drinking, etc. It was one event in which petitioner drove into two parked cars within seconds of each other and on the basis of which the police charged him with four separate violations.

■ Petitioner argues next that the evidence showed that he was not under the influence of alcohol while driving but that his confusion and slow reaction after the accident were due to a blow on his head suffered in the collision. The issue of petitioner's condition is one of credibility which we are bound to leave for determination by the trier of fact. D.C.Code 1967, § 17–305(b) (2) (E). There is substantial evidence in the record to support the hearing officer's finding.

■ Petitioner contends that his refusal to give a urine specimen at the police station after the accident was improperly used against him. The only reference during the hearing to the fact that petitioner had refused to give a urine specimen was made by the arresting officer in answering a question from the hearing officer wholly unrelated to the subject of an urinalysis. Nothing further on the subject appears in the record. In view of the other evidence as to petitioner's condition we cannot say that this remark by the officer, which was unresponsive to the question and which the hearing officer did not seek, was so prejudicial to petitioner as to require a new hearing. *See* Murphy v. Heath, D.C.App., 256 A.2d 421 (1969).

■ Petitioner argues that the admission into evidence of the statement by a witness that she saw his car "moving fast" just before the accident occurred was error because that witness was never produced at the hearing. Administrative proceedings are not governed by the strict rules of evidence and the admission of hearsay testimony is not in and of itself error. Opp Cotton Mills v. Administrator, 312 U.S. 126, 155, 61 S.Ct. 524, 85 L.Ed. 624 (1940). The presence of skid marks, the distance the parked cars travelled after impact, and the extensive damage to appellee's car corroborate the statement by the witness that petitioner's car was "moving fast". Also, we note that the witness preceded the arresting officer to the scene and her statement of petitioner's response to *her* question whether he needed medical assistance tended to support petitioner's contention that he was not under the influence of alcohol at the time of the accident and to contradict the officer's testimony that he could not arouse petitioner. Thus, her statement benefited appellant to some extent.

■ Finally, petitioner argues that the hearing officer should not have considered the arresting officer's PD Form 13, a written statement prepared by the officer immediately after the accident. The officer was present at the hearing for cross-examination and we think it was appropriate for the hearing officer to consider the officer's description of events contemporaneous with their happening as well as the officer's testimony based on his later recollection of what transpired at the scene of the accident. So far as the record shows, petitioner who was accompanied at the hearing by his witness, a Justice Department attorney, was not denied an opportunity to examine the statement and contradict the officer.

Affirmed.