Paul RULE

v.

**R. I. DEPARTMENT OF TRANSPORTATION.**

Rose SIRENSKI

v.

**Eugene PETIT, Jr., Registrar of Motor Vehicles.**

Nos. 78–444–M.P., 78–92–M.P.

Supreme Court of Rhode Island.

April 7, 1981.

Mitchell S. Riffkin, Providence, R. Kevin Horan, Pawtucket, for petitioners.

Stephen F. Mullen, Chief Counsel, Dept. of Transp., Providence, for respondents.

## OPINION

BEVILACQUA, Chief Justice.

These two cases are petitions for writs of certiorari filed under the provisions of G.L. 1956 (1977 Reenactment) § 42–35–16, which petitions have been consolidated for argument because they present a cognate issue concerning the security and suspension requirements of the Motor Vehicle Safety Responsibility Act.[1] We shall refer to the plaintiffs, Paul Rule and Rose Sirenski, as "Rule" and "Sirenski" individually and as "plaintiffs" collectively. We shall refer to the defendants Registrar of Motor Vehicles and Department of Transportation as "the registrar."

On November 20, 1976, Rule was involved in a three-car accident on Post Road in Warwick. A car driven by Patrick Wynne was waiting to make a left turn onto Masthead Drive when Rule hit the Wynne car from behind. The force of this impact pushed Wynne's car into the oncoming lane where Wynne was hit by a third vehicle owned by Eileen McCarron. The resulting damage was in excess of the statutory minimum for submitting accident reports with the Registry of Motor Vehicles.[2] Thereafter, all parties involved in this accident filed reports with the registrar.

Sirenski was involved in a two-car accident on July 12, 1975, with a motor vehicle driven by William Frost. The accident occurred in a supermarket parking lot in Wakefield while Sirenski was attempting a left turn to proceed east into a fire lane that bordered the front of the store. Frost was already in the fire lane driving east and approaching the intersection where Sirenski was making a left turn. The collision of the two cars caused damages exceeding the amount required for submitting accident reports, and consequently both parties filed reports.

Because both Rule and Sirenski had no insurance to cover their potential liability for damages arising from their respective accidents, the registrar ordered them to comply with the Safety Responsibility Act.[3] Failure to comply would result in suspension of license and registration on a date assigned by the registrar's order.

Under the act, however, and in accordance with *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the registrar was required to offer both Rule and Sirenski a hearing prior to suspending their licenses, thus temporarily postponing implementation of the order. The purpose of this administrative hearing is to determine whether a reasonable possibility exists that plaintiffs could be found liable for damages in connection with their individual accidents. If the hearing officer finds that no reasonable possibility of liability exists, the order to comply must be rescinded.

---

1. The act includes all sections of chapters 31 to 33 of title 31 of the General Laws. *See* G.L. 1956 (1968 Reenactment) § 31–33–18.

2. *See* G.L.1956 (1968 Reenactment) § 31–33–1, as amended by P.L.1968, ch. 185, § 1.

3. Under the act, plaintiffs had several options; they could (1) deposit the security amount listed in the respective orders of the registrar, (2) furnish evidence that they had been released from liability, or (3) execute an agreement promising to pay all claims for injuries and damages.

Rule requested a hearing at which he and his counsel, along with the officer, were the only parties in attendance. In rendering his decision on the Rule appeal, the hearing officer found:

"There is disagreement between petitioner [Rule] and the operator of the McCarron vehicle as to whether the time elapsed between the collisions was sufficient to have enabled the operator of the McCarron vehicle to avoid hitting the Wynne vehicle after the latter had been pushed into the path of the McCarron vehicle by petitioner's vehicle. That other evidence available provides no additional information to support one statement more than another."

Basing his decision on these findings, the officer concluded that there was a reasonable possibility that Rule "could be found causally negligent * * *."

Thereupon, the order requiring Rule to comply with the act was sustained. Rule appealed the decision of the hearing officer to the District Court, which affirmed the decision of the registrar, and judgment was entered accordingly. Rule filed his petition for a writ of certiorari, and we granted the petition to consider possible errors of law.

Sirenski similarly requested a hearing before the division. At the hearing, only Sirenski, her husband, and the registry officer were present.[4] The hearing consisted of Sirenski answering questions submitted by the hearing officer. In his decision, the hearing officer affirmed the registrar's prior order requiring Sirenski to file a security

deposit to avoid suspension of her license. Sirenski appealed the registrar's order to the Superior Court. After a hearing, the reviewing justice reversed the registrar's decision, finding it was "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." The trial justice went on to state that under the *Bell* holding, "evidence taken at the hearing must establish this reasonable possibility." He found that Sirenski's testimony was uncontradicted. Subsequently, the registrar filed his petition for certiorari.

It is apparent from a reading of the record in both cases that the hearing officer relied on the accident reports submitted by the parties involved in the accidents. Basing his evaluation on these reports and plaintiffs' testimony, he concluded that there was a reasonable possibility that judgment might result against them.

The sole issue we shall consider on these petitions for certiorari is whether the hearing officer at a presuspension hearing can consider accident reports to determine whether a reasonable possibility exists that plaintiffs could be found liable for damages in connection with an accident. Although plaintiffs raise other issues on this petition, our disposition of the primary issue makes it unnecessary for us to decide these issues at the present time.

The plaintiffs argue that these reports should be excluded at presuspension hearings; they base their argument on language found in G.L.1956 (1968 Reenactment) § 31–26–13 and § 31–33–1.[5] The

---

4. Coincidentally, the same hearing officer presided at both plaintiffs' appeals.

5. General Laws 1956 (1968 Reenactment) § 31–26–13, as amended by P.L.1971, ch. 133, § 1 states:

"All accident reports made by persons involved in accidents, or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the division or other state or municipal agencies having use for the records for accident prevention purposes or for the administration of the laws of this state relating to the deposit of security and proof of financial responsibility by persons driving or the owners of motor vehicles * * *. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the division shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the division solely to prove a compliance or a failure to comply with the requirement * * *. [H]owever, that in the event an accident report has not been filed, then the failure to file said report shall be considered to be prima facie evidence that the operator and/or the registered owner of the motor vehicle involved was uninsured at the time of the accident."

language referred to by plaintiffs in § 31–26–13 states that the filing of an accident report "shall be without prejudice to the individual so reporting * * *." With regard to § 31–33–1, plaintiff argues that the statute delineates what use may be made of these reports—to learn whether an operator has insurance for his vehicle—raising the inference that this is the only permissible use. The registrar, however, directs our attention to a third statute that, the registrar contends, expands the permissible use of these reports. This statute states in pertinent part that "[t]he registry shall determine the amount of security deposit required of any person upon the basis of the reports or other information submitted." General Laws 1956 (1968 Reenactment) § 31–31–5(b), as amended by P.L.1975, ch. 80, § 1.

■ Initially, we observe that the § 31–33–1 accident reports constitute a form of hearsay evidence. When no hearing is required, administrative agencies are usually permitted to consider hearsay evidence otherwise inadmissible in judicial proceedings. *Walker v. Clinton*, 244 Iowa 1099, 1110, 59 N.W.2d 785, 791 (1953). When a hearing is required, courts have disagreed regarding the admissibility of hearsay evidence before administrative bodies. *Compare Griffin v. Heath*, 257 A.2d 488, 491 (D.C.1969) *and Redding v. Board of County Commissioners*, 263 Md. 94, 110–11, 282 A.2d 136, 145 (1971) *and New Hampshire Milk Dealers' Association v. New Hampshire Milk Control Board*, 107 N.H. 335, 340, 222 A.2d 194, 199 (1966) *with August v. Department of Motor Vehicles*, 264 Cal.App.2d 52, 64, 70 Cal.Rptr. 172, 180 (1968) *and Robinson v. Twigg Industries, Inc.*, 154 Ind.App. 339, 289 N.E.2d 733, 736

(1972) *and Lewis v. Southmore Savings Association*, 480 S.W.2d 180, 186 (Tex.1972). Nevertheless, most courts take the position that, although many administrative proceedings are not governed by the strict rules of evidence, hearsay evidence by itself should not be the exclusive basis for an administrative determination absent a special statute to the contrary. *See, e. g., Sinclair v. Director of Division of Employment Security*, 331 Mass. 101, 103, 117 N.E.2d 164, 165 (1954); *State ex rel. Independent School District No. 276 v. Department of Education*, Minn., 256 N.W.2d 619, 627 (1977); *Stammer v. Board of Regents*, 287 N.Y. 359, 365, 39 N.E.2d 913, 915 (1942).

■ Prior to 1971, the registrar was not required to provide a hearing under the Motor Vehicle Safety Responsibility Act. However, in *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the United States Supreme Court ruled that in order to protect the procedural due process rights of the licensee, a "meaningful" hearing must be held prior to suspension of a driver's license in a financial responsibility proceeding. *Id.* at 541, 91 S.Ct. at 1590–91, 29 L.Ed.2d at 96. Moreover, the Court stated that to satisfy due process, the inquiry at such a hearing must focus on the issue of "whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee." *Id.* at 540, 91 S.Ct. at 1590, 29 L.Ed.2d at 95. Therefore, in accordance with *Bell v. Burson, supra*, the registrar is required to provide a hearing to a licensee if it is requested. When this occurs, the hearing officer must make a fault determination, and the driver's appeal takes the form of a contested case.[6]

General Laws 1956 (1968 Reenactment) § 31–33–1, as amended by P.L.1968, ch. 186, § 1 states:

"The operator of every motor vehicle which is in any manner involved in an accident within this state, in which any person is killed or injured or in which damage to the property of any one (1) person, including himself, in excess of one hundred and fifty dollars ($150) is sustained, shall within ten (10) days after such accident report the mat-

ter in writing to the registry. Such report, the form of which shall be prescribed by the registry, shall contain information to enable the registry to determine whether the requirements for the deposit of security under [chapters 31 and 32 of title 31] are inapplicable by reason of the existence of insurance or other exceptions specified in said chapters * * *."

6. It appears that such a hearing should be accorded "contested case" status under G.L.1956

We believe that in order to determine the admissibility of these reports, it is necessary that we examine the scope and purpose of the Safety Responsibility Act and construe the applicable sections of the act as set forth in §§ 31–26–13 and 31–31–5(b). Before addressing the sections referred to, we note that several jurisdictions have allowed admission of hearsay evidence in the form of police or accident reports at license-suspension hearings.

In *Chmela v. State*, 88 Wash.2d 385, 561 P.2d 1085 (1977), the court upheld admission of police reports at a presuspension hearing. Under the Washington statutory scheme, all relevant evidence was admissible if the evidence was the best obtainable and trustworthy. The Washington court held that the hearing officer's allowance of these reports was consistent with the statutory standard because statements in the reports were undisputed. *Id.* at 390–91, 561 P.2d at 1088. The Illinois Appellate Court, in *Spaulding v. Howlett*, 59 Ill.App.3d 249, 251, 16 Ill.Dec. 564, 567, 375 N.E.2d 437, 440 (1978), ruled that, by statute, accident reports were admissible evidence at presuspension hearings even though such reports could not sustain a prima facie case of negligence. In *Hehn v. State*, 206 Neb. 34, 35–38, 290 N.W.2d 813, 814–16 (1980), the Nebraska Supreme Court held that such reports were admissible at a presuspension hearing where the applicable statute provided that "the department shall consider all reports and information filed in connection with the accident."

A reading of these and other cases discloses that admissibility of accident reports is usually premised on statutory reliance.

The thread running through these cases is that use of such reports is limited; standing alone, this type of evidence cannot support the administrative determination made in such a proceeding.

■ In this jurisdiction, a hearing to suspend a license is judicial in nature and therefore the decision of the registrar "must be based upon legal evidence of sufficient weight to support [its decision] * *." *Glass v. State Board of Public Roads*, 44 R.I. 54, 58, 115 A. 244, 245 (1921). When, as in the instant case, "improper and prejudicial testimony is found in the record it must clearly appear that after excluding such testimony there is sufficient legal testimony to satisfy the requirement of proof * * *." *Id.* at 59, 115 A. at 246. Thus, we have previously held that in a Rhode Island automobile-license suspension or revocation proceeding, hearsay evidence alone is inadequate to support a registry finding and order. *Id.* The question remains whether accident reports—a particular form of hearsay—are admissible at all in presuspension hearings under the Safety Responsibility Act.

One of the purposes of the Motor Vehicle Safety Responsibility Act is to provide the registry with information that would allow it to determine whether the parties to the accident are financially responsible. In effectuating this purpose, the registrar was given authority in §§ 31–33–1 and 31–31–5(b) to require submission of accident reports, and when appropriate, posting of a security deposit. The registrar, nonetheless, asserts that accident reports, which are hearsay evidence, should be admitted and

(1977 Reenactment) § 42–35–1(b) of the Administrative Procedures Act. Section 42–35–10(a) of this act requires the Superior Court rules of evidence to be used at administrative hearings defined as contested cases. At a "contested case" hearing, the factfinder may depart from these rules only "when necessary to ascertain facts not reasonably susceptible of proof under those rules * * * (except where precluded by statute) if [the evidence] is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." General Laws 1956 (1977 Reenactment) § 42–35–10(a).

Under G.L.1956 (1977 Reenactment) § 42–35–18(b)(5), however, all hearings before the registrar pursuant to the Safety Responsibility Act are exempt from the provisions relating to contested cases (§§ 42–35–9 through 42–35–13). Because the Administrative Procedures Act and the Safety Responsibility Act were enacted before the *Bell* opinion, it is doubtful that § 42–35–18(b)(5) would extend to presuspension hearings. Indeed, in its brief, the registrar assumes that plaintiffs have all the rights accorded parties under § 42–35–9, which, like § 42–35–10, deals exclusively with contested cases.

considered by the hearing officer. In making this argument, the registrar relies on the language of § 31–31–5(b).

 The construction of statutes is a matter reserved for the courts. *Statewide Multiple Listing Service, Inc. v. Norberg,* R.I., 392 A.2d 371, 373 (1978). In construing a statute, we are bound to give effect to the literal meaning when the meaning of the text is plain or clear and unambiguous. *See Cranston Teachers' Association v. Cranston School Committee,* R.I., 424 A.2d 648, 650 (1981). The only question we ask in such a situation is what does the statute mean. Thus, we must decide whether or not the words of the statute are clear. Section 31–26–13 provides that accident reports "shall be [made] without prejudice to the individual so reporting and shall be for the confidential use of the [registry] * * * for accident prevention purposes or for the administration of the laws of this state relating *to the deposit of security and proof of financial responsibility * * *.*" (Emphasis added.)

 We find that the terms "deposit of security" and "proof of financial responsibility" employed in the statute are clear and unambiguous and hold that the use of accident reports in presuspension hearings is not sanctioned by the language of either this section or § 31–31–5(b). We acknowledge that an important purpose of the act is the removal from our highways of those who are financially incapable of satisfying damage claims arising out of accidents for which they are responsible. But in scrutinizing the act, we find no language that could conceivably permit accident reports to be used in determining fault. Moreover, the language in these sections is not in conflict with other sections of the act, and therefore we do not need to look beyond the plain meaning of these words for guidance.

Nor does our holding lead to an absurd result. Reviewing courts, relying on *Bell v. Burson,* have repeatedly held that the hearing must be "meaningful." To allow this type of hearsay evidence at an administrative hearing, when the act expressly limits the use of these reports, would permit the registrar to rely solely on improper evidence and would not afford the licensee a "meaningful" hearing as required by the due process clause. Moreover, admitting these reports would clearly contravene the unmistakable statutory limitations regarding their use.[7] We find that the primary purpose of these reports is merely to provide information allowing the registrar to determine the financial responsibility of the parties and the amount of security required.

Accordingly, Rule's petition for certiorari in No. 78–444 is granted, the judgment of the District Court is quashed, and the record certified to us is remanded to the District Court with our decision endorsed thereon.

The registrar's petition for certiorari in No. 78–92 is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is remanded to the Superior Court with our decision endorsed thereon.

WEISBERGER and SHEA, JJ., did not participate.

---

7. In reaching this decision, we have not overlooked Rule 4.13.01 of the Registry of Motor Vehicles Rules and Regulations promulgated pursuant to the registrar's rule-making authority under the Administrative Procedures Act. Arguably, this rule could support admission of accident reports as evidence in presuspension hearings. But such a rule may not be used to circumvent rights protected by statute. *See Little v. Conflict of Interest Commission,* R.I., 397 A.2d 884, 886 (1979). Similarly, when a "regulation is plainly inconsistent with the operative language of the statute it must be declared invalid." *Brier Manufacturing Co. v. Norberg,* R.I., 377 A.2d 345, 349 (1977). An interpretation of Rule 4.13.01 permitting use of these reports at hearings would violate the rights of individual licensees accorded by § 31–26–13 and would allow the registrar to use the reports for a purpose exceeding the limits imposed by this section. Therefore, we reject any construction of this rule that would be inconsistent with our holding in this case.