DECISION
Before this Court is an appeal from a final decision of the Public Utilities Commission Division of Public Utilities and Carriers (PUC) revoking ME-1036, the certificate of public convenience and necessity, (towing license), which had been issued to Ken Rocha Automotive, Inc. (K.R. Automotive). Plaintiffs Ken Rocha (Rocha) and K.R. Automotive timely appealed. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) §42-35-15.
Background
This matter was previously before this Court on the same set of facts, case number PC 94-1159,[1] wherein this Court concluded that various findings made by the PUC were not supported by the evidence in the record. In that decision, this Court remanded the case for determination of whether K.R. Automotive's towing license should be revoked in light of the evidence remaining. No new evidence was to be taken by the PUC.
Pursuant to this Court's order of May 30, 1995 the PUC conducted a de novo review of the evidence, excluding all findings concerning the Tempo and Audi which were invalidated by this Court. On June 14, 1995 the PUC reaffirmed its prior revocation. The plaintiff appeals this final decision stating that the evidence remaining in the record does not support the revocation.[2] In its reaffirmation the PUC stated that its prior decision was still valid because it was "derived from the joint and severable violations contained in this docket, combined with his [Rocha's] vast abominable prior administrative record before this agency, his [Rocha] willful and continued failure to comply with orders, rules and regulations of the Division in violation of 39-12-35 of the Rhode Island General Laws and the Division's statutory obligation to secure the protection of the public (R.I.G.L. 39-12-7)." Based on this, the PUC upheld their revocation of K.R. Automotive's towing license.
Standard of Review
A review of a decision of the PUC by this Court is controlled by R.I.G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458.
The PUC now argues that despite this Court's remand order, substantial evidence remains in the record to support the revocation of K.R. Automotive's towing license. The PUC argues that it was "clearly necessary" to revoke the license to "protect the public." The PUC found the following facts to support their revocation:
 1. That Mr. Rocha was in possession and actually driving a motor vehicle without consent of the owner.
 2. That Mr. Rocha has failed on two occasions to comply with Division orders directing him to notify automobile owners that he was in possession of their vehicles.
 3. That Mr. Rocha failed to pay $20,000 pursuant to the terms of a stipulation agreed upon by Mr. Rocha, and further, that he violated the terms of his probation under the stipulation.
 4. That Mr. Rocha used an unregulated auto sales business in Massachusetts to tow cars from Rhode Island to circumvent Division rules and regulations.
Based upon these findings, the PUC concluded "the Division hereby reaffirms its decision to revoke Mr. Rocha's towing certificate." After a review of the entire record, this Court finds that sufficient evidence does not remain in the record to uphold the permanent revocation of K.R. Automotive's towing license.
This Court previously found that "evidence that Rocha concealed the Tempo and that he drove it without consent of the owner does not constitute sufficient evidence to revoke the towing certificate of K.R. Automotive." This Court referencedGlass v. State Board of Public Roads, 44 R.I. 54, 115 A. 244, 245-66 (1921) as authority for the legal principle that a single offense of receiving stolen goods is not sufficient to support revocation of a driver's license. Consequently, that the Board found in its first finding that Rocha was in possession of and driving a motor vehicle without the consent of the owner, alone, is not enough to revoke K.R. Automotive's towing license.
As to the PUC's second finding that Mr. Rocha failed on two occasions to comply with PUC's orders to notify vehicle owners that he was in possession of their car, the evidence does show, as this Court previously determined, that Rocha did notify the owner of an Audi and Tempo that he was in possession of their motor vehicles. (PC 94-1159 Decision at 8). Although this Court is precluded from substituting its judgment for that of an agency with regard to the credibility of witnesses, Costa supra, this Court is authorized to reverse an agency if this Court finds that there is not substantial evidence to support the decision.Newport Shipyard supra. This Court finds that the lack of evidence that Rocha did or did not notify two automobile owners of the location of their vehicles does not constitute the requisite substantial evidence for this Court to uphold the PUC's revocation of K.R. Automotive's towing license.
Finally, the PUC cites to their third finding that Rocha failed to pay his $20,000 fine pursuant to the terms of the stipulation between Rocha and the PUC and that Rocha violated the terms of the stipulation. The record is devoid of evidence as to the parties dealing post-stipulation. Although Rocha does not deny the fact that he has not paid the agreed upon fine, Rocha correctly states that the stipulation itself reserves a seventy-five day suspension for such a violation. Consequently, the PUC's revocation of Rocha's towing license is in direct violation of the agreement entered into between the parties.
Finally, the record is lacking the requisite evidence to support the PUC's fourth conclusion that Rocha used a Massachusetts entity to circumvent PUC's rules and regulations.
Based upon the substantiated findings and a thorough review of the record, this Court finds that the revocation of K.R. Automotive's towing license is in excess of the statutory authority of the PUC. Although Rocha and K.R. Automotive do not possess a stellar record with the PUC and have plead nolo to various consumer complaints, these violations alone, coupled with the stipulation entered into by the PUC and the plaintiffs, do not rise to the level of disregard to rules and regulation to warrant license revocation. Therefore, this Court orders that Plaintiff's towing license be reinstated seventy-five days after the entry of an order in this case.
Counsel for the plaintiffs shall prepare the appropriate order for entry.
[1] See opinion and order, attached hereto, for the facts/travel of this case.
[2] The necessary facts from the Court's previous opinion and order will be referred to as needed.