[No. 37540.    Department Two.    November 4, 1965.]

C. W. O'KELLEY, *Appellant*, v. PHILIP SALI *et al.,*
*Respondents.**

*Perry J. Robinson,* for appellant.

*William B. Holst* (of *Tonkoff, Holst & Hanson*), for re-
spondents.

HAMILTON, J.—Plaintiff (appellant), a fruit grower in
the Yakima Valley, initiated this suit to recover from de-
fendants, fruit growers and packers, the purchase price of
a quantity of apples delivered into defendants' packing
warehouse and thereafter marketed. By his complaint,
plaintiff alleged that defendants became indebted to him
for a stated amount on account of apples sold and delivered
to them. Defendants denied the allegation. Upon the issues

*Reported in 407 P.2d 467.

thus joined, trial was had before the court sitting without a jury.

The trial consumed 3 days, during the course of which the negotiations between the parties, the marketing of the apples, and the bookkeeping, accounting, and business practices of defendants relative to the apples were explored by the evidence of both parties. Throughout the trial, it was plaintiff's basic theory that he had sold his apples to defendants. Defendants denied they had purchased the apples.

The trial judge, in his oral decision, limited his determination to the question of whether plaintiff had established a contract of sale. He concluded that plaintiff had failed to sustain the burden of proof upon this issue and ordered the cause dismissed. Plaintiff thereafter moved that the trial judge reconsider the evidence and determine thereunder whether defendants were liable to account to plaintiff upon a theory of agency. This the trial judge refused to do. Findings of fact, conclusions of law, and judgment of dismissal were subsequently entered in conformance with the oral decision.

On appeal, plaintiff makes four assignments of error, which, in turn, reduce themselves to two contentions: (1) A challenge to the trial judge's findings of fact to the effect that the transaction between the parties did not amount to a sale, and (2) that the trial judge erred in refusing to determine whether, in the alternative, an agency relationship existed between the parties whereby defendants would be required to account for the apples delivered and sold.

We find no merit in plaintiff's first contention. The negotiations between the parties giving rise to delivery of the apples to defendants' warehouse were oral. The testimony of the parties with respect to these oral negotiations was in direct conflict. The surrounding circumstances upon which plaintiff relied to support his theory of a sale were explained by the defendants. The trial judge carefully analyzed and evaluated the conflicting testimony and circumstances and accepted defendants' version of the trans-

action. The evidence does not preponderate against such a determination. In fact, the determination that the transaction did not amount to a sale is supported by substantial evidence if defendants' recitation of events is accepted. Accordingly, we will not disturb the trial judge's determination upon this disputed issue. *Jones v. Rumford,* 64 Wn. 2d 559, 392 P.2d 808 (1964).

In support of his second contention, plaintiff points to evidence adduced at the trial, without objection by either party, bearing upon the kind, quality, and quantity of the apples delivered to defendants; the method and terms by which apples in defendants' warehouse were packed, shipped, and marketed; and the manner in which various payments for apples marketed were received, accounted for, and disbursed by defendants. From this evidence, plaintiff asserts it could be found that defendants acted in the capacity of a factor or marketing agent. Plaintiff then adverts to Rule of Pleading, Practice and Procedure 15(b), RCW vol. 0, which provides in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

We have held that this rule, as was the former rule (Rule of Pleading, Practice and Procedure 6(9), 34A Wn.2d 72[1]), is to be liberally construed and applied. *Burlingham-Meeker Co. v. Thomas,* 58 Wn.2d 79, 360 P.2d 1033 (1961). An underlying purpose of the rule is to avoid a multiplicity of suits between the same parties arising out of the same transaction. Thus, when the evidence, introduced with the

---

[1]"At any time after trial, whether before or after judgment, the trial or appellate court may allow or make any amendment necessary to make a pleading conform to the proof, so far as may be just." Rule of Pleading, Practice and Procedure 6(9), 34A Wn.2d 72.

express or implied consent of the parties, fairly raises compatible, though alternative, issues, the trial court is duty bound to adjudicate the issues so presented even though such issues may not have been directly raised by the pleadings. *Longenecker v. Brommer,* 59 Wn.2d 552, 368 P.2d 900 (1962); *Knudson v. Boren,* 261 F.2d 15 (10th Cir. 1958).

In the instant case, we are constrained to agree with plaintiff that the evidence presented without objection during the course of the trial, concerning the nature and extent of the defendants' dealings with plaintiff's apples, was sufficient to raise the issue of a possible agency relationship between the parties. Indeed, defendants on appeal tacitly concede that, under the evidence, they might be considered as gratuitous agents in the marketing of the apples in question. Defendants, however, contend that the trial court properly declined to consider the issue of agency and any responsibility that might arise therefrom, because (a) plaintiff did not raise the issue until after the trial court's oral decision; (b) the trial court, on its own motion, limited the issue before the court to the question of sale; and (c) defendants could and would have introduced additional evidence bearing upon the question of agency had they been timely advised of plaintiff's contention.

Had this case been tried to a jury, there is little doubt that the denial of plaintiff's belated attempt to assert an alternative theory of liability, following verdict and before judgment, would find considerable support in the arguments advanced by defendants. Such was not the case, however. The action was tried to the court sitting without a jury. The parties and the basic evidentiary facts giving rise to and inviting consideration of the issue of agency were before the court. The alternative theory was not foreign to nor wholly inconsistent with the original theory of sale. The plaintiff was not seeking to reopen his case for the introduction of further evidence. Neither did plaintiff delay in his request for reconsideration. The additional evidence, which defendants contend they could and would have offered, deals with custom and practice in the

apple industry, and we find no showing of undue hardship which would flow to defendants in the procurement of such evidence. Neither do we conceive that defendants would have been otherwise substantially prejudiced by the belated consideration and determination of the alternative issue.

In the interest of a complete disposition of the controversy between the parties, the trial court should consider and adjudicate the agency issue.

The judgment of dismissal is accordingly vacated, and the cause is remanded to the trial court for consideration of and the entry of findings of fact and conclusions of law upon the alternative theory of agency, with appropriate judgment to follow. Defendants shall be afforded a reasonable opportunity of introducing such additional evidence as the trial court deems relevant in the light of the present record. Costs on appeal will abide final determination of the cause.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and RYAN, J. Pro Tem., concur.