[No. 2189-1.   Division One.   January 11, 1975.]

WILLIAM M. SMITH, *Appellant*, v. PACIFIC POOLS, INC., *et al.*, *Respondents.*

*Robert Butler*, for appellant.

*Joseph C. McKinnon*, for respondents.

HOROWITZ, J.—Plaintiff appeals a judgment dismissing his claims for relief in what was originally commenced as a shareholder's derivative suit. Defendants cross-appeal that portion of the judgment dismissing their counterclaim for commissions received by plaintiff in claimed breach of fiduciary obligation to defendants.

Defendant Pacific Pools, Inc., has been and is engaged in the construction of swimming pools. Plaintiff William M. Smith (Smith), formerly sales manager and presently director and secretary-treasurer of the corporation, owns 35 percent of the shares, and defendant David P. Jackson (Jackson), president and general manager, owns the rest.

In 1965 relations between Smith and Jackson began to seriously deteriorate. Smith claimed Jackson's alcoholism was the cause of certain losses sustained by the corporation. Jackson claimed plaintiff was interfering in business matters not properly his concern. About August 1, 1969, Smith commenced a derivative shareholder's suit against defendants to recover for losses allegedly sustained "by reason of the alcoholic state and the resultant breach of fiduciary duty by the defendant David P. Jackson."

On August 14, 1969, Smith and Jackson attempted to compromise their lawsuit. They arrived at a purchase price to be paid by Jackson to Smith for Smith's shares of stock. Exhibit No. 5. Plaintiff then resigned as sales manager and left Pacific Pools, Inc. However, he continued as an officer and director of that corporation pending execution of a formal agreement to be prepared concerning the purchase. The formal agreement was prepared. It was never executed, however, because Jackson claimed there were errors in the net worth figure agreed upon. The lawsuit proceeded. On September 25, 1969, defendants filed their answer, counterclaim and setoff. The answer was in the nature of a general denial, and Pacific Pools, Inc.'s counterclaim and setoff alleged Smith had breached his fiduciary obligation to the corporation by selling pools in competition with it while remaining one of its officers and directors.

At trial evidence showed Jackson had an alcoholism problem, but the evidence was disputed concerning whether the alcoholism caused any losses to Pacific Pools, Inc. Concerning the counterclaim, there was evidence that in April and May 1970 and thereafter Smith sold swimming pools for corporate competitors of Pacific Pools, Inc. His sales brought him over $25,000 in commissions. Additional facts leading up to the competition will be later discussed.

Following trial, the court generally upheld Jackson's contentions in Smith's case against defendants. The court found "David P. Jackson did a good job of running Pacific Pools, Inc. . . ." (finding of fact No. 17), and

There is no evidence that those losses in 1970 or 1971

resulted from Mr. Jackson's alcoholism. On the contrary, the evidence shows that during most of those two years, and all of the year 1972 up to the date of the trial, his alcoholism was in a state of remission.

Finding of fact No. 9.

Plaintiff has attempted to show that certain specific losses of Pacific Pools, Inc. were caused by what plaintiff describes as "an alcoholic state" of David P. Jackson, but the plaintiff has failed to prove that any losses of the corporation were caused by any such alleged alcoholic state.

Finding of fact No. 10.

Despite his difficulties with alcohol, David P. Jackson has been a hard-working and capable manager of Pacific Pools, Inc. at all times since 1965.

Finding of fact No. 12.

Concerning Pacific Pools, Inc.'s counterclaim against Smith, the court found for Smith. He found:

Plaintiff was justified in selling pools on commission for competitors of Pacific Pools, Inc. since he had offered to accept employment with Pacific Pools as a swimming pool salesman but was refused such employment.

Finding of fact No. 31.

Plaintiff should be permitted to retain the commissions he has received from sales of swimming pools for companies other than Pacific Pools, Inc.

Finding of fact No. 32. He finally found:

[N]either plaintiff nor Pacific Pools has established by a fair preponderance of the creditable evidence that anything is due from either of them to the other and the court therefore finds that nothing is due from plaintiff to defendant Pacific Pools, Inc. or from Pacific Pools, Inc. to plaintiff, . . .

Finding of fact No. 37. Judgment was entered in accordance with the findings and conclusions. Plaintiff Smith appeals the dismissal of his action. Defendant Jackson appeals the dismissal of his counterclaim.

■ Plaintiff assigns error to most of the findings. Except for finding of fact No. 37, he makes but a minimal argument concerning the sufficiency of the evidence to support findings he challenges. The record contains substantial evidence to support the findings, and on that account we would ordinarily be required to uphold the findings. Smith contends, however, the findings are erroneous because the trial court applied the wrong burden of proof. He argues it was Jackson's burden because of his fiduciary relationship to the corporation to prove his alcoholism was not the cause of the corporate losses of which he complains. We do not agree. Plaintiff had the burden of proving (1) the existence of alcoholism in breach of his fiduciary obligation to the corporation, and (2) the alcoholism was the proximate cause of the losses sustained. That burden was not changed because of defendant Jackson's fiduciary relationship to Pacific Pools, Inc. *See Morris v. Rosenberg*, 64 Wn.2d 404, 391 P.2d 975 (1964); *Bay City Lumber Co. v. Anderson*, 8 Wn.2d 191, 111 P.2d 771 (1941); *Barnes v. Andrews*, 298 F. 614 (S.D.N.Y. 1924); 25A C.J.S. *Damages* § 144 (1966).

Neither the findings nor conclusions enable us to determine what rule on the burden of proof the court applied. The court's oral opinion, however, in rejecting Smith's contention Jackson's alcoholism was the cause of the corporate losses, states "whether the burden is on the plaintiff or not, the preponderance of the evidence is to the contrary."

Assuming arguendo Jackson had the burden of proof claimed, the court might well have found Jackson discharged that burden. Jackson testified at length concerning his drinking problem and the fact that the corporate losses were not caused thereby. The court found the 1970-71 losses "resulted from distressed economic conditions in the Seattle area which caused most of Pacific Pools, Inc.'s competitors to go out of business." Finding of fact No. 8. Substantial evidence supports that finding.

Plaintiff contends, however, the case should not have been dismissed because the undisputed evidence shows Pa-

cific Pools, Inc., owes him $2,550 for unpaid commissions. He points out that exhibit No. 31 offered in evidence by Jackson as a summary of corporate records shows nine items of commissions owing to Smith by the corporation in the total sum of $2,550. The only defense Jackson or the corporation asserted to the correctness of the amount owing was based upon claimed setoffs. However, findings of fact Nos. 33 to 37 in effect deny the validity of the setoffs claimed. Accordingly, Smith contends he is entitled to the full amount of the agreed commissions earned.

■ It is true finding of fact No. 37 states Pacific Pools, Inc., did not owe Smith anything. Ordinarily we treat as binding a finding of the trial court supported by substantial evidence. If, however, the court rejects uncontroverted credible evidence, or capriciously disbelieves uncontradicted evidence, then the finding is not binding upon the appellate court. *Sylvain v. Page*, 84 Mont. 424, 276 P. 16, 63 A.L.R. 528 (1929); *In re Estate of Patterson*, 333 Pa. 92, 3 A.2d 320, 120 A.L.R. 967 (1939).

Jackson then contends Smith is not entitled to recover the commissions because he has not sued for them. We agree with Smith, however. The issue of commissions owed Smith was tried by the express or implied consent of the parties and must be treated as properly raised. Indeed, finding of fact No. 37, included in the findings prepared by Jackson and submitted to the court for signature, makes a finding on the issue. This is a proper case to treat the pleadings as amended to conform to the evidence. CR 15(b); *Amende v. Pierce County*, 70 Wn.2d 391, 423 P.2d 634 (1967); *O'Kelley v. Sali*, 67 Wn.2d 296, 407 P.2d 467 (1965); *Robertson v. Bindel*, 67 Wn.2d 172, 406 P.2d 779 (1965).

■ There is no evidence in the case as to the due dates of the commissions due. Accordingly, interest may not run on those commissions prior to the date of the judgment below. *See Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968); *Quadrant Corp. v. Spake*, 8 Wn. App. 162, 504 P.2d 1162 (1973).

Pacific Pools, Inc., on cross-appeal, contends Smith owes it $25,000, being the commissions he earned for selling swimming pools for Pacific Pools, Inc.'s competitors in claimed violation of his fiduciary obligation as an officer and director of Pacific Pools, Inc. He argues the corporation was denied an opportunity to make such sales by Smith's unlawful competitive efforts; that his earnings must be deemed held in trust for Pacific Pools, Inc. He relies on *Guth v. Loft, Inc.*, 23 Del. Ch. 255, 5 A.2d 503 (1939); *Leppaluoto v. Eggleston*, 57 Wn.2d 393, 357 P.2d 725 (1960); and 19 C.J.S. *Corporations* § 785 (1940).

■ We do not agree. The court had a right to accept evidence showing that Pacific Pools, Inc., a closely held corporation, affirmatively consented, through its general manager and majority stockholder, to Smith competing with the corporation. By finding No. 37 the court found "nothing is due from plaintiff to defendant Pacific Pools, Inc. . . ." The court had a right to enter such a finding based on the following substantial evidence. When Smith signed exhibit No. 5 on August 14, 1969, he stated to Jackson and the corporate accountant, "Well, this terminates my responsibility and duties to Pacific Pools?" They both agreed. The next morning Smith asked Jackson if Jackson wanted him to continue under salary for the rest of the season. Jackson said no. Smith then inquired if Jackson objected to Smith pursuing various prospects that Smith had theretofore obtained for the sale of Pacific Pools. Jackson answered, "No, Smitty. We have reached an agreement. Let's cut it off clean. You can do what you want with these prospects." Smith then replied, "Well, I don't know whether there is anything in it or not, but it might develop." Smith testified, "That was the end of my services with Pacific Pools that morning."

Jackson made no serious effort to object to Smith's competition. He was willing for the competition to continue if Smith would resign as an officer and director of Pacific Pools, Inc. Smith did not do so. Thereafter Jackson, as

principal shareholder of Pacific Pools, Inc., had it within his power to cause Smith to be removed from his position as director and officer. RCW 23A.08.380, .470, .490. He took no steps to effect such removal. This conduct is consistent with an acquiescence in the competition of which he had knowledge. It is true Jackson denies consenting to Smith's making sales to prospects he had been working on while sales manager of Pacific Pools, Inc. The court was not required to accept that testimony. Moreover, Jackson did not deny that when Smith signed exhibit No. 5 he stated, "Well, this terminates my responsibility and duties to Pacific Pools," and Smith's further testimony that the corporate accountant and Jackson both agreed. Jackson refused Smith's offer to continue to work for Pacific Pools, Inc., for the balance of the season, and also refused Smith's later request to work for the corporation. Jackson cannot claim breach of a fiduciary obligation not to compete if he consented to the competition whether or not Smith remained an officer or director of the corporation. *See* Restatement (Second) of Agency §§ 389, 390, 393 (1958).

The cause is remanded to the Superior Court to consider whether the $950 already paid to William M. Smith as commission should be subtracted from the total sum of $2,550 owing to Smith, together with legal interest thereon from date of the judgment entered below. Affirmed on defendant's cross-appeal. Neither party shall recover costs on this appeal.

JAMES and CALLOW, JJ., concur.

Petition for rehearing denied July 16, 1975.

Review denied by Supreme Court September 23, 1975.