[No. 44425.   En Banc.   March 24, 1977.]

STEVEN B. CHMELA, *Respondent,* v. THE DEPART-
MENT OF MOTOR VEHICLES, *Appellant.*

*Slade Gorton, Attorney General,* and *Susan Rae Martin, Assistant,* for appellant.

*Richard C. Cohan* of *Legal Services Center* (Seattle), for respondent.

*Robert H. Aronson,* on behalf of University of Washington Appellate Advocacy Program, amicus curiae.

HOROWITZ, J.—The State appeals a superior court judgment reversing a departmental order requiring an uninsured driver of a motor vehicle involved in a fatal automobile accident to provide security for the payment of damages under RCW 46.29—the financial responsibility act and relevant administrative regulations.

Steven B. Chmela, an uninsured driver, was driving his car on the night of September 23, 1974, proceeding southerly on Rainier Avenue South in Seattle, Washington. While driving, he fatally struck a young woman (Ms. Usmail) while she was walking in a marked crosswalk to reach the other side of the street. Shortly thereafter, police officers investigated the accident and filed their report concerning the circumstances of the accident. This report included the sworn statements of two witnesses and of the defendant himself.

Pursuant to RCW 46.29 and administrative regulations thereunder, the department, ex parte, determined the amount of security Chmela should deposit. Chmela later received a formal departmental hearing he requested under WAC 308–102–200 through –290 on the propriety of the security deposit required of him.

Chmela did not attend this hearing. His attorney contended Chmela was not to blame for the accident, there was no "reasonable possibility of a judgment" against him (WAC 308–102–250(3)) and that accordingly, he should not be required to deposit any security.

Two witnesses testified at the hearing. One, a Mrs. King, testified to facts which Chmela contends absolved him of any responsibility for the accident. She testified the pedestrian–victim (Ms. Usmail) heedlessly ran into the path of Chmela's oncoming car which did not appear to be coming fast.

The second witness brought a copy of the police report of the accident. The hearing officer ultimately admitted the

copy in evidence over Chmela's attorney's objection the report was inadmissible hearsay. The report included the sworn statements of Maxfield and Paw, witnesses to the accident, obtained by the police officers for inclusion in their report.

The hearing officer, conformable to WAC 308–102–290, later entered findings, conclusions, and order. In a conclusion of law he stated there was a "reasonable possibility of judgment," fixed Chmela's security deposit requirement at $7,500 with a provision that if the deposit was not made, Chmela's driving license would be suspended.

Chmela next appealed the order to the Superior Court under RCW 46.29.040. No issue is raised concerning the propriety of that appeal. That court on the same record used by the hearing officer entered findings, conclusions, and judgment reversing the director's order because there was no reasonable possibility of judgment. The State then appealed the Superior Court judgment to this court.

The State contends the hearing officer's conclusion that there was a "reasonable possibility of a judgment" against Chmela on account of the accident (WAC 308–102–250(3)) is supported by the evidence which necessarily includes the contents of the police report. Limiting ourselves to the facts therein stated, that report states in part the posted speed at the scene of the accident was 30 miles per hour; that Chmela's vehicle was headed south on Rainier Avenue South on a dark night and there was a marked crosswalk.

A copy of Chmela's statement, as explanatory of the accident, is in the report. It reads:

> On 9/23/74 at approximately 7:30 p.m. I was driving my 1971 Dodge Challenger, Washington license OVV 589. I was going southbound on Rainier South and I don't know for sure just how fast I was going, but I would say about 30 to 35 miles per hour. I didn't see the pedestrian until I was about 10 feet from the girl. I didn't have a chance to avoid the girl. The girl was in the marked crosswalk and she was walking East. As soon as I saw the girl I honked my horn and swerved to the left to try to

keep from hitting her but it was too late. The right front of my car hit the girl . ... .

Maxfield's sworn statement in the report states in part Maxfield was southbound on Rainier Avenue South and had stopped his vehicle in the curb lane to let a pedestrian (Usmail) cross from west to east on South Holden Street across Rainier Avenue South. As the pedestrian started across Rainier Avenue South in a marked crosswalk, Maxfield observed Chmela's car approaching the crosswalk, at a high rate of speed, while southbound on Rainier Avenue South. However, the Chmela vehicle continued southbound striking pedestrian Usmail while in the marked crosswalk. Paw's sworn statement was generally to the same effect.

Except on the separate question of speed, neither Mrs. King's testimony nor Chmela's written statement mentions, much less disputes, the Maxfield and Paw statements as summarized. These statements show Chmela, at the time his car struck Ms. Usmail, to be in violation of RCW 46.61.235(4).

The statute reads:

(4) Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

In *Oberlander v. Cox*, 75 Wn.2d 189, 192, 449 P.2d 388 (1969), this court explained the meaning of RCW 46.61.235 as follows:

The protection afforded by this statute is strong and clear, and when an automobile strikes a pedestrian in a crosswalk the driver's burden is a heavy one if he would exonerate himself. If the pedestrian is within a marked crosswalk in plain view of an approaching driver, the driver does not absolve himself of negligence per se even though he looked and did not see, for he cannot be heard to say that he did not see that which was there to be seen

. . . Neither fog nor inclement weather lessen the protection afforded by the marked crosswalk if the pedestrian is properly within it unless he suddenly left a place of safety or walked or ran into the path of a vehicle so close to him as to make it impossible for the driver to yield.

Assuming arguendo the pedestrian is contributorially negligent and such negligence is a proximate cause of the accident, the pedestrian may still recover judgment for damages against the driver on principles of comparative negligence. RCW 4.22. *Godfrey v. State,* 84 Wn.2d 959, 530 P.2d 630 (1975).

The objection during the formal hearing to the introduction of the police report in evidence on the ground of inadmissible hearsay was properly overruled. Neither RCW 46.29 nor the administrative regulations prohibit the admission of hearsay testimony as such, during the formal hearing. On the contrary, WAC 1–08–520 in the following language authorizes the admission of relevant hearsay evidence.

RULES OF EVIDENCE—ADMISSIBILITY CRITERIA.
Subject to the other provisions of these rules, all relevant evidence is admissible which, in the opinion of the officer conducting the hearing, is the best evidence reasonably obtainable, having due regard for its necessity, availability and trustworthiness. In passing upon the admissibility of evidence, the officer conducting the hearing shall give consideration to, but shall not be bound to follow, the rules of evidence governing civil proceedings, in matters not involving trial by jury, in the superior court of the state of Washington.

Chmela contends, however, WAC 1–08–520 permits hearsay evidence to be admitted, only if in the opinion of the hearing officer, it is "the best evidence reasonably obtainable, having due regard for its necessity, availability and trustworthiness." Chmela argues the sworn statements of Maxfield and Paw do not qualify. We disagree.

In the instant case, the Maxfield and Paw statements concerning facts showing a violation of RCW 46.61.235(4) were substantially undisputed. Chmela did not

even attend the hearing he had requested. His attorney offered no excuse for the nonattendance. He did not request a continuance to subpoena the witnesses in order to obtain their testimony nor to have Chmela testify to a version of the facts, if any, different from those contained in the sworn statements. The undisputed facts in the sworn witness statements, appearing trustworthy, the hearing officer apparently found it unnecessary to resort to live testimony of those witnesses to establish uncontroverted facts already contained in their sworn statements relative to the basic issue he was to determine: the reasonable possibility of a judgment against Chmela for damages resulting from striking Ms. Usmail.

The hearing officer made no findings showing Chmela violated RCW 46.61.235(4). His omission to do so may have been inadvertant because the statute appears not to have been called to the hearing officer's attention. If, however, the hearing officer knew of the statute, and refused to credit the undisputed portion of the Maxfield and Paw statements showing a violation of the statute, the case would be one of a hearing officer who "capriciously disbelieves uncontradicted evidence . . ." A finding contrary to such credible evidence is not binding upon an appellate court. *Smith v. Pacific Pools, Inc.*, 12 Wn. App. 578, 582, 530 P.2d 658 (1975). By the same token if there is no finding accepting evidence which it was the hearing officer's duty to accept, an appellate court can itself make such a finding without sending the case back for that purpose. *LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 775, 496 P.2d 343 (1972). *See also Burton v. Los Angeles Ry. Corp.*, 79 Cal. App. 2d 605, 180 P.2d 367 (1947). There is no reason why this rule should not apply when the issue is not the ultimate issue of liability but merely the administrative determination of the issue that there is "reasonable possibility of a judgment." WAC 308–102–250. Such a determination is not admissible in evidence in the later court trial on the merits to recover damages. RCW 46.29.240.

Chmela then contends the admission of the police report, and the entry of an order based thereon, denied him due process of law. He argues the admission denied him his right to confront the witnesses and cross–examine them. We find no error. Neither the right of confrontation under our constitution, article 1, section 22, amendment 10, nor the sixth amendment to the United States Constitution nor the due process clauses has been violated.

Const. art. 1, § 22 (amendment 10) and the Sixth Amendment are each inapplicable in civil cases. *State v. Carpenter,* 130 Wash. 23, 28, 225 P. 654 (1924); *Hannah v. Larche,* 363 U.S. 420, 440 n.16, 4 L. Ed. 2d 1307, 80 S. Ct. 1502 (1960), *rehearing denied,* 364 U.S. 855, 5 L. Ed. 2d 79, 81 S. Ct. 33 (1960); *United States v. Zucker,* 161 U.S. 475, 480–81, 40 L. Ed. 777, 16 S. Ct. 641 (1896). Moreover, the hearsay rule and the confrontation clause of the Sixth Amendment are not identical and are not to be equated. *See California v. Green,* 399 U.S. 149, 155–56, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970); *Dutton v. Evans,* 400 U.S. 74, 80–86, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970). In *California v. Green, supra* at 156, the court pointed out:

> [M]erely because evidence is admitted in violation of a long–established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied.

Nor does the admission of the hearsay police report at the formal administrative hearing in this civil case violate due process. Hearsay evidence is not necessarily untrustworthy. WAC 1–08–520 itself provides safeguards to assure the trustworthy character of the hearsay evidence it authorizes the hearing officer to admit. WAC 1–08–520 requires that before the evidence is admitted the hearing officer must be of the opinion it is the "best evidence *reasonably* obtainable, having due regard for its necessity, availability and trustworthiness." (Italics ours.)

There are additional safeguards here to assure the hearsay evidence is trustworthy. The evidence is substantially

uncontroverted so far as concerns the facts showing violation of RCW 46.61.235(4); the driver has a right to testify in person to contradict such evidence; there is a right of judicial review of the administrative action taken on the basis of the hearing, and the hearing officer has a delegated power to determine that live testimony of the witnesses to the contents of their sworn statements is unnecessary, especially when the driver has made no request therefor.

A value sought to be protected both by the confrontation clause and the prohibition against the use of hearsay testimony is that the evidence shall be trustworthy. *State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782 (1975). *See generally* 2 K. Davis, *Administrative Law Treatise* §§ 14.01–.17 (1958). We believe that value is fully protected in this case by WAC 1–08–520. It is true, there may be instances when that value is not fully protected because the evidence lacks a circumstantial guaranty of trustworthiness, *e.g., National Council of American–Soviet Friendship, Inc. v. Subversive Activities Control Bd.,* 322 F.2d 375, 386 (D.C. Cir. 1963). *See Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970). That is not the case here. Indeed, Chmela cites no case and we know of none holding the hearsay rule as here applied violates due process. *See generally* C. McCormick, *Can the Courts Make Wider Use of Reports of Official Investigations?,* 42 Iowa L. Rev. 363 (1957). *Cf. Steel v. Johnson,* 9 Wn.2d 347, 115 P.2d 145 (1941).

■ It is our duty to apply RCW 46.61.235(4) to the uncontradicted facts of the case notwithstanding the statute may not have been called to the attention of either the hearing officer in the administrative hearing or the Superior Court on appeal. *See Bitzan v. Parisi,* 88 Wn.2d 116, 558 P.2d 775 (1977). The security deposit requirement is upheld. We accordingly must reverse the judgment appealed.

It is so ordered.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, and DOLLIVER, JJ., concur.