[No. 2542–2.   Division Two.   May 8, 1978.]

ROBERT G. HAINING, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*James L. Vonasch,* for appellant.

*Slade Gorton, Attorney General,* and *Byron L. Brown, Assistant,* for respondent.

PEARSON, C.J.—Dr. Robert Haining was employed by the Department of Social and Health Services as a full-time staff physician at the Fircrest School, Seattle. His presence was required at the school from 8 a.m. to 4 p.m., Monday through Friday. In early 1973, Dr. Haining decided to accept a full-time job with Northgate Hospital. It is undisputed that the job schedule at Northgate conflicted with Dr. Haining's schedule at Fircrest.

Dr. Haining attempted to convince his supervisors at Fircrest that he ought to be kept on in a part-time or consultant capacity. The superintendent of Fircrest rejected this suggestion, and ordered Dr. Haining dismissed for neglect of duty. WAC 356-34-010(1).[1] Dr. Haining appealed to the Personnel Board, contending that the dismissal was improper because he had not neglected any duties. His testimony, which was uncontroverted by the State, was that up to the day of his dismissal he had not

---

[1]WAC 356-34-010 states:

"Appointing authorities may demote, suspend, reduce in salary, or dismiss a permanent employee under their jurisdiction for any of the following causes:

"(1) Neglect of duty.

"(2) Inefficiency.

"(3) Incompetence.

"(4) Insubordination.

"(5) Indolence.

"(6) Conviction of a crime involving moral turpitude.

"(7) Malfeasance.

"(8) Gross Misconduct.

"(9) Willful violation of the published employing agency or Department of Personnel rules or regulations."

missed any work except for approved leave, and that he had not received any reprimand for unacceptable performance of his duties.

The Personnel Board found, as a matter of fact, that the job at Northgate Hospital conflicted with Dr. Haining's job at Fircrest and upheld the dismissal.[2] On appeal to the Superior Court, the order of the Board was affirmed. Dr. Haining then appealed to this court, still contending that a conflict of jobs does not create a neglect of duty.

■ The portion of the Washington Administrative Code that pertains to civil service employees makes it very clear that no employee can hold a job which conflicts with his state employment. WAC 356–46–040.[3] An employee who refuses to resolve a conflict is subject to dismissal under subsection 9 of WAC 356–34–010. While WAC 356–46–040 was not cited to the Personnel Board, both parties agreed at oral argument that it is dispositive of this appeal. Where the facts are uncontradicted, and otherwise appear trustworthy, an appellate court may affirm the agency's order on a ground not called to the attention of the agency or the Superior Court. *Chmela v. Department of Motor Vehicles,* 88 Wn.2d 385, 393, 561 P.2d 1085 (1977). Remanding this case to the Board would be a useless formality. We therefore affirm the Board's order on the ground that Dr. Haining willfully violated the Board's rule against conflicting employment. *Compare NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 22 L. Ed. 2d 709, 89 S. Ct. 1426 (1969), *with SEC v. Chenery Corp.,* 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943).

Because counsel are agreed that the Board's action was not erroneous in view of WAC 356–46–040, we need not

---

[2]Although the Board did not clearly set forth the rule or regulation upon which it based its conclusion as required by RCW 41.06.190, it is apparent from the report of proceedings that the Board viewed the conflict of jobs as a "neglect of duty."

[3]WAC 356–46–040 states:

"No employee shall have conflicting employment while in the employ of an agency. Determination of such conflict shall be made by the employing agency."

reach the issue of whether the scope of review is controlled by the administrative procedures act, RCW 34.04.130, or the State Civil Service Law, RCW 41.06.200. *See also* RCW 34.04.140, .910.

The order of the Personnel Board dismissing Dr. Haining will be affirmed; however, the finding and conclusion that he neglected his duties should be stricken from his state employment records. RAP 12.2.

REED and SOULE, JJ., concur.