[No. 16283-7-I.   Division One.   December 22, 1986.]

LISA JO JOHNSON, *Appellant,* v. THE DEPARTMENT OF
LICENSING, *Respondent.*

*Dan R. Young* and *Bjorklund & Young,* for appellant.

*Kenneth O. Eikenberry, Attorney General, Jeffrey O. C.
Lane, Senior Assistant,* and *Kent Nakamura, Assistant,*
for respondent.

DURHAM, J.*—Lisa Jo Johnson appeals from a trial court
decision that the Department of Licensing is not required
to consider setoff due to comparative negligence in deter-
mining the amount of security required of an uninsured

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge,
and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tem-
pore in Division One.

driver under the financial responsibility statute, RCW 46.29, and therefore, the uninsured driver's damages are not relevant to that determination. We affirm.

This action arises out of a collision between two vehicles driven by Lisa Johnson and David Swan on August 16, 1983. The particulars of the accident are irrelevant to this opinion. Johnson was cited by the Seattle Police Department for failure to yield the right of way and paid a reduced fine following a hearing with a magistrate. Swan was cited by the Police Department for driving without an operator's license and for speeding. The insured vehicle driven by Swan sustained damages of $1,960 as a result of the collision. Johnson was an uninsured driver at the time of the collision.

On February 28, 1984, an administrative hearing was held before a hearing officer for the Department of Licensing in connection with the potential suspension of Johnson's driver's license. During the hearing, the Department objected to the introduction of testimony concerning the damages sustained by Johnson on the grounds that it was irrelevant. The hearing officer sustained the objection. Johnson's counsel made an offer of proof that her damages, pain and suffering and medical expenses as a result of the accident exceeded $15,000.

The hearing officer entered findings, conclusions and an order on April 12, 1984. He concluded that Johnson was subject to the provisions of the financial responsibility statute, RCW 46.29. That statute requires an uninsured driver of a vehicle involved in an accident within this state resulting in damage to the property of any one person of $300 or more to deposit security to satisfy any judgment for damages resulting from the accident. See RCW 46.29.060–.080.

The hearing officer determined that a court could reasonably find that Johnson violated a duty of ordinary care, having failed to yield the right of way, and that this proximately caused the accident. He concluded that there was a reasonable possibility of a judgment being entered against Johnson in an action at law for damages. He also concluded

that Swan violated a duty of ordinary care by driving too fast, warranting a 25 percent reduction in the security required to be posted by Johnson, pursuant to WAC 308–102–012. The hearing officer ordered Johnson to deposit security with the Department in the amount of $1,470, and that if she failed to do so, her driver's license would be suspended in 30 days.

Johnson appealed the hearing officer's decision to King County Superior Court. She argued that the hearing officer should have considered principles of setoff due to comparative negligence, and therefore, the damages she suffered in the accident were relevant in deciding if there was a reasonable possibility of a judgment being entered against her. The Superior Court concluded:

> [S]et–off due to comparative negligence is not an appropriate or mandated consideration intended under the financial responsibility statutes and rules . . . The petitioner's damages are, therefore, not relevant to an administrative hearing or superior court review under the financial responsibility law.

It determined that there was a reasonable possibility of a judgment being entered against Johnson in a court of law and affirmed the administrative decision.

Johnson appealed to this court, asking that the trial court's decision be reversed and the matter be remanded to the Department for consideration of the amount of her damages in determining the amount of security she was required to provide.

The financial responsibility statute generally applies when a vehicle is involved in an accident within this state resulting in bodily injury or death, or damage to the property of any one person of $300 or more. RCW 46.29.060. If the injured or damaged person submits information to the Department indicating the extent of injuries or damage within 180 days of the accident, and the other party is not covered by automobile liability insurance, the Department must determine the amount of security which is sufficient to satisfy any judgment for damages against that party.

RCW 46.29.070(1), (2), .080. This determination is to be made "upon the basis of the reports or other information submitted." RCW 46.29.070(2). Department regulations provide that the negligence of the person claiming injury or damage may be considered in determining the amount of security, as follows:

> The department may determine the percentage of negligence attributable to any person claiming injury or damage in twenty–five percentile units and then may reduce the amount of security in proportion to that percentage: *Provided,* That the department shall not require security if the person claiming injury or damage is ninety percent or more negligent.

WAC 308–102–012. After the Department has determined the amount of security to be required of the uninsured person (licensee), it must notify the licensee that he must deposit the security with the State or the Department will suspend his driver's license. RCW 46.29.070(3), .110.

Any licensee notified of the requirement of depositing security may request an interview or document review before a Department referee. WAC 308–102–100. A person aggrieved by the referee's decision may request a formal administrative hearing. WAC 308–102–200. The only issues to be considered at such a hearing are:

(1) Whether the licensee was the owner or driver of any motor vehicle of a type subject to registration under the motor vehicle laws of this state which was in any manner involved in an accident within this state.

(2) Whether the accident resulted in bodily injury or death of any person or damage to the property of any one person in an amount of $300 or more.

(3) *Whether there is a reasonable possibility of a judgment being entered against the licensee in the amount required by the order of the department fixing such security.*

(4) Whether the amount of security to be deposited, if any, is sufficient to satisfy any judgment or judgments resulting from such accident as may be recovered against the licensee.

(5) Whether the licensee is entitled to an exception to the requirement of security pursuant to RCW 46.29.080.

(Italics ours.) WAC 308–102–250.

On this appeal, Johnson contends that it is appropriate for the Department to consider setoff due to comparative negligence in determining if there is a reasonable possibility of a judgment being entered against a licensee and, therefore, the licensee's damages are relevant at an administrative hearing to determine the amount of security which the licensee must deposit.

Johnson observes that if the insured driver brought a civil action against the licensee, the licensee would have to assert any claim for damages arising out of the same accident as a compulsory counterclaim. CR 13(a). If the licensee then established a setoff that exceeded the insured driver's claim, the licensee would recover a judgment for the excess.

Johnson further asserts that if setoff due to comparative negligence were considered in a case where the licensee's damages greatly exceeded those of the insured driver, there would be no reasonable possibility of a judgment being entered against the licensee. Johnson contends that, therefore, the licensee's own damages are relevant in an administrative hearing to determine the amount of security required.

The Department argues, however, that the law does not mandate consideration of setoff in administrative hearings under the financial responsibility statute. It contends that it is not even clear if trial courts themselves are required to apply setoff principles in pure tort actions.

■ While there are statutes and court rules specifically authorizing setoff in certain types of actions,[1] none of them explicitly authorize its use in tort actions. Other statutes referring to setoff do not appear to have been drafted in the context of tort actions.[2]

---

[1] *See, e.g.,* RCW 4.32.120 (setoff against beneficiary of trust estate); RCW 4.32-.130, .140 (setoff in probate cases); CR 13(j) (setoff in an action upon a contract).

[2] *See* RCW 4.56.050–.075.

No Washington cases specifically address if, in a pure tort action involving comparative negligence, setoff is either permitted or required. The Department refers to *Grobe v. Valley Garbage Serv., Inc.*, 87 Wn.2d 217, 551 P.2d 748 (1976), a comparative negligence action where the jury found the plaintiff's total damages to be $100,000 and defendants' to be $500, and that plaintiff was 25 percent negligent while defendants were 75 percent negligent. The Supreme Court affirmed a trial court judgment for the plaintiff in the amount of $75,000 and for the defendants in the amount of $125. The Department contends that if setoff had been required, the judgment should only have been for the plaintiff for $74,875. The court in *Grobe* did not specifically address the issue of whether setoff was required. Nevertheless, *Grobe* suggests that setoff is not mandatory in pure tort actions.

With respect to the use of setoff in administrative hearings under the financial responsibility statute, the Department contends that it is not its function to consider setoff due to comparative negligence when deciding if there is a reasonable possibility of a judgment being entered against the licensee and setting the amount of security required. It points out that this determination is only a decision as to whether a judgment against the licensee might result, not if it in fact will result, or even if it probably would result. Moreover, it is not a decision on the ultimate issue of liability. *See Chmela v. Department of Motor Vehicles*, 88 Wn.2d 385, 391, 561 P.2d 1085 (1977); *see also Bell v. Burson*, 402 U.S. 535, 540, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971).

Johnson claims that determining the amount of the licensee's setoff should not be administratively difficult for the Department, because it involves the same procedure as deciding the insured driver's damages. However, this oversimplifies the process. If an administrative hearing officer were required to determine each party's damages, apply comparative negligence principles, and then offset the damages, the process would be extended beyond a determi-

nation of a reasonable amount of security to a complete adjudication of the parties' claims. Not only is such an inquiry beyond the purpose of the hearing, but it is incompatible with the informal hearing process and would overburden the hearing officer. The Department's regulation providing for a reduction of security in 25 percentile units for comparative negligence, *see* WAC 308–102–012, allows for some consideration of comparative fault while recognizing that the hearing should not involve a detailed, precise adjudication.

Finally, we conclude that it would be inconsistent with the policy of the financial responsibility statute to require the Department to consider setoff due to comparative negligence. The statute was designed to provide monetary protection for people who are injured because of the negligent use of the highways by others. *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 206, 643 P.2d 441 (1982); *LaPoint v. Richards,* 66 Wn.2d 585, 590, 403 P.2d 889 (1965). To further this policy, the statute creates a 2–pronged approach. First, if the injured or damaged person submits information indicating the extent of injuries or damage, the other party must either demonstrate financial responsibility or deposit security to satisfy any judgment against him. RCW 46.29.070, .080. Second, the party is required to prove financial responsibility for the future by demonstrating an ability to respond in damages for liability resulting from subsequent accidents. RCW 46.29.260. Such proof may be provided by filing a certificate of insurance, a bond, a certificate of deposit of money or securities, or a certificate of self–insurance. RCW 46.29.450. Thus, the law affords protection both to those who have been injured by a driver in the past and those who may be injured by him in the future. *Mutual of Enumclaw Ins. Co. v. Wiscomb, supra* at 206–07.

If the Department were required to consider setoff, situations would arise which would conflict with this legislative scheme. An uninsured driver who bore the greater percentage of fault for an accident would avoid having to post

security or prove financial responsibility for the future when the hearing officer determined that the net judgment for damages would be in his favor. This could leave the other individual involved in that accident unprotected, for there would be a chance that at trial, a jury would find no comparative negligence. Moreover, the driver who was most at fault would not be required to prove financial responsibility for the future. Hence, the statute's policy of providing monetary protection to individuals injured by a driver in the past, and those who could be injured by that driver in the future, would be defeated.

In summary, we conclude that neither the financial responsibility statute nor policy considerations require the Department to consider setoff due to comparative negligence in deciding the amount of security required of an uninsured driver. Therefore, in the present case, the administrative hearing officer properly determined that Johnson's damages were not relevant. The trial court is affirmed.

Noe and Revelle, JJ. Pro Tem., concur.