146 P.3d 1208 (2006)
Lisa PAPPAS, Appellant,
v.
STATE of Washington, EMPLOYMENT SECURITY DEPARTMENT, Respondent.
No. 57147-8-I.
Court of Appeals of Washington, Division 1.
October 2, 2006.
Publication Ordered November 8, 2006.
*1209 John R. Scannell, Attorney at Law, Seattle, WA, for Appellant.
Masako Kanazawa, Attorney at Law, Ankur K. Tohan, Office of the Attorney General Seattle, WA, for Respondent.
PER CURIAM.
¶ 1 An administrative hearing officer may rely on hearsay for her decision if the hearsay is not the sole basis for the decision. And hearsay evidence combined with a party's refusal to deny or refute the allegations is sufficient to support findings of fact. The hearing officer based her decision on Lisa Pappas' evasive answers, her testimony acknowledging her employer's directions, and her refusal to deny the allegations of misconduct. This evidence was sufficient to support the findings of fact and related conclusions of law. We therefore affirm the decision to deny unemployment benefits.

FACTS
¶ 2 Lisa Pappas was employed at ER Solutions, Inc. (ER) as a collector beginning on November 13, 2000. Pappas received a copy of the company personnel manual, which defined harassment to include "comments, jokes, innuendoes, unwelcome compliments, pictures, cartoons, pranks, or other verbal or physical conduct which . . . has the purpose or effect of creating an intimidating, hostile, *1210 or offensive working environment." After several incidents of misconduct, ER discharged Pappas on August 10, 2004.
¶ 3 A written warning dated August 15, 2001, documents the first incident. The warning states that ER's insurance carrier had complained that Pappas used profanity toward their employees several times. The document directed Pappas to cease verbal communications with the insurance carrier. Pappas, Michael Flannigan, a collections supervisor, and James Bernard, Assistant Collection Manager, signed this document.
¶ 4 In a second incident on February 5, 2003, Pappas received a document stating that she violated policy when she sent an email to a co-worker about a disagreement over an account. The document asked her to bring such disagreements to management because they could otherwise result in altercations. Pappas, Sylvia Lock, Assistant Collection Manager, and Bernard signed this document. Documentation of a third incident on March 2, 2004, stated that after allegedly receiving bad checks from a co-worker to pay for Avon products, Pappas harassed her by making disparaging comments about the co-worker and pointing her out to others in the office. This document stated that Pappas was being placed on "Final Warning" because of the seriousness of her actions.
¶ 5 Approximately five months before her discharge, $200 disappeared from Pappas' coat pocket while she was on a break at work. Pappas believed that a co-worker named Raychel had taken the money, and she made other workers aware of her suspicions. Pappas called the police, who investigated but determined that there was insufficient evidence to bring charges. Pappas also reported the incident to her superiors at ER.
¶ 6 On August 4, 2004, Pappas received a document stating that several employees had reported that Pappas was accusing Raychel of being a thief. The document referred to a meeting the day before where Lock had told Pappas that this behavior violated the company harassment policy and would not be tolerated. Lock told Pappas to refrain from making such statements to co-workers. At the end of the work day, Lock received an email from an employee saying that Pappas was still making accusations about Raychel. On August 5, Lock placed Pappas on suspension, and on August 10 he discharged her.
¶ 7 The Employment Security Department denied Pappas' application for unemployment benefits because she was discharged for misconduct. After an administrative hearing in which Pappas contested the denial, an administrative law judge entered an initial order finding that ER had proved Pappas was discharged for misconduct and affirmed the Department's ruling denying benefits. Pappas petitioned the Department Commissioner for review. The commissioner affirmed the ruling. Pappas appealed the commissioner's decision to King County Superior Court, which also affirmed the decision.

HEARSAY
¶ 8 The Washington Administrative Procedure Act (WAPA) governs judicial review of agency action regarding unemployment compensation.[1] "In reviewing administrative action, this court sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency."[2] Under the WAPA standards, the appellate court may sustain a challenge to findings of fact when those findings are
not supported by evidence that is substantial when viewed in the light of the whole record before the court. . . . [3]
Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the assertion.[4]
¶ 9 Pappas contends that finding of fact 6 was based entirely on hearsay evidence that did not have even a circumstantial guarantee of trustworthiness. The disputed finding states that Pappas

*1211 firmly believed that Raychel had been the thief. She repeatedly disobeyed the employer's instructions, given several times, and shared her belief with co-workers. The co-workers in turn reported this to management. [Pappas] received first verbal warnings, and then written warnings not to do this, but she persisted.
¶ 10 Hearsay evidence may be admitted at an administrative hearing if the presiding officer determines that "it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs."[5] The co-workers acted according to company policy by making management aware of Pappas' persistent repetition of her suspicions and accusations. The information was relayed in writing, and is signed by both Pappas and management. Although she had the right to do so, Pappas failed to call any witnesses to rebut this evidence.[6]
¶ 11 Pappas also argues that conclusion of law 8 fails to state that it was based on anything other than hearsay. But the hearing officer stated on the record that the WAPA precluded her from basing her findings exclusively on hearsay evidence (Civil Rule 16), and conclusion 8 specifically states that the findings
are not based solely on hearsay written statements from co-workers. They are also based on the claimant's evasive answers, her ultimate acknowledgment that she received the instructions the employer alleges [not to speak of her suspicions to other co-workers], and her refusal to deny making the theft accusation to co-workers. She testified only that she did not recall making the specific statements alleged by the specific co-workers on the specific dates.
Pappas repeatedly refused to specifically deny that she accused Raychel of stealing. She admitted that management told her not to make accusations in front of other co-workers. It is clear from the conclusion itself and from a review of the record that Pappas' own testimony at the hearing contributed to the decision. The hearing officer did not rely solely on hearsay.

VALIDITY OF RULE
¶ 12 Pappas contends that ER's rule defining harassment is so vague as to be unenforceable and is therefore unreasonable. Pappas cites no authority pertinent to a determination of vagueness or reasonableness of company rules. "[A]n appellate court need not decide a claim that is not supported by citation to authority."[7] We decline to further address this issue.

SUFFICIENCY OF EVIDENCE
¶ 13 Pappas argues that the evidence supporting incidents on February 5, 2003, and March 2, 2004, was insufficient. While the February incident does not appear to have violated the complaint procedure set out in the company handbook because Pappas approached the co-worker directly, the March incident clearly violated company procedure because Pappas accused the co-worker to others in the office. This incident and Pappas' repeated accusations against Raychel provide ample evidence to support the decision to discharge her.

CONCLUSION
¶ 14 We affirm the trial court's decision affirming the administrative decisions denying benefits.
NOTES
[1] RCW 34.05.510; 50.32.120.
[2] Tapper v. Employment Sec. Dep't, 122 Wash.2d 397, 402, 858 P.2d 494 (1993).
[3] RCW 34.05.570(3)(e).
[4] Lawter v. Employment Sec. Dep't, 73 Wash.App. 327, 332, 869 P.2d 102, review denied, 124 Wash.2d 1019, 881 P.2d 254 (1994).
[5] RCW 34.05.452.
[6] RCW 34.05.446(1); see Chmela v. Dep't of Motor Vehicles, 88 Wash.2d 385, 391, 561 P.2d 1085 (1977).
[7] Mairs v. Dep't of Licensing, 70 Wash.App. 541, 544-45, 854 P.2d 665 (1993).