[No. 548-1.   Division One—Panel 1.   October 4, 1971.]

RICHARDS MANUFACTURING COMPANY, *Respondent*, v. ELI GAMEL et al., *Appellants*.

*Moschetto & Alfieri* and *Michael R. Alfieri*, for appellants.

*Uziel & Faltys* and *Edward E. Gibson*, for respondent.

WILLIAMS, J.—This action was brought to recover the purchase price of certain lamps which Eli Gamel purchased from Richards Manufacturing Company. The trial court, sitting without a jury, found the account due and owing and granted judgment accordingly. This appeal by the purchaser followed.

The lamps which are the subject of this litigation were samples placed in a display area of the Furniture Mart in Seattle for the purpose of attracting customers engaged in the retail trade who would purchase items from respondent on the basis of the samples. Appellant, who operated a retail furniture store, viewed the sample lamps and, after discussions with respondent, purchased at a discount all of the samples on display. After taking delivery, appellant discovered that some of the lamps were damaged or defective. He refused to pay the account, contending that the market value of the lamps was $3,000 less than he had agreed to pay.

The important question in the case is whether there is substantial evidence to support the trial court's finding that the sale was "as is." Appellant contends that under the provisions of RCW 62A.2-314 the respondent as the seller warranted the goods were merchantable and is liable for a breach thereof.

The warranty that goods are merchantable is implied in every sale made by a merchant, unless excluded or modified. RCW 62A.2-314(1). RCW 62A.2-316 provides for modification or exclusion of the warranty.

(3) (a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

We hold that the implied warranty of merchantability was excluded under RCW 62A.2-316(3)(b) by virtue of appellants' actual inspection of the goods and that the sale was "as is." The precise nature of all the defects does not appear in the record. Of those few defects indicated, virtually all ought to have been discovered by a professional buyer. Even if a more complete inspection would have required labor and inconvenience, the buyer does not have the right to assert an implied warranty of quality and fitness after he has been given an opportunity to inspect and failed to take advantage of it. *McCormick v. Hoyt,* 53 Wn.2d 338, 333 P.2d 639 (1959). If some lamps did have defects not so discoverable, it was incumbent upon the appellant to prove it since he had the burden of establish-

ing any breach of warranty. RCW 62A.2-607(4). This he has failed to do and, accordingly, it must be held that there was no implied warranty of merchantability.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.