[No. 6372-1.   Division One.   December 3, 1979.]

SEATTLE FLIGHT SERVICE, INC., *Respondent,* v. THE CITY OF AUBURN, *Appellant.*

*Foulds, Felker, Burns & Johnson, P.S.,* and *George A. Trichak,* for appellant.

*Sweet, Dussault & Neff* and *John W. Sweet,* for respondent.

WILLIAMS, J.—The City of Auburn (City) appeals from a judgment awarding Seattle Flight Service, Inc., damages for breach of an implied warranty of merchantability in the sale of aircraft fuel.

Seattle Flight Service, Inc., which owns and operates aircraft based at the Auburn airport, regularly purchased aircraft fuel from the City, the operator of the only fuel service at the airport. When it was learned that the fuel was contaminated, Seattle Flight Service cleaned the fuel systems of its aircraft at considerable expense. The City appeals from a judgment awarding Seattle Flight Service the cost it incurred in cleaning out the fuel systems.

The City initially contends that the findings of fact are inadequate to support the conclusions of law because there was no finding that it was a merchant.

A merchant is defined in RCW 62A.2-104(1) as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . ." Although the trial court did not enter an express

finding that the City was a merchant, it did find that Seattle Flight Service "regularly purchased aircraft fuel for its aircraft from the . . . City of Auburn. The only fuel service available at the Auburn Airport was owned and operated by the City of Auburn." Finding of fact No. 2. Because the uncontroverted evidence shows that the City was in the business of selling aircraft fuel and was, therefore, a merchant, it is unnecessary to remand the case to the trial court. *See Chmela v. Department of Motor Vehicles*, 88 Wn.2d 385, 561 P.2d 1085 (1977); *LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 496 P.2d 343 (1972).

■■ It is next contended that the trial court should have determined whether the contamination in the fuel was latent. In order for Seattle Flight Service to prevail in its action for breach of the warranty of merchantability, it was required to prove:

> (1) that a merchant sold goods, (2) which were not "merchantable" at the time of sale, and (3) injury and damages to the plaintiff or his property (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to seller of injury.

J. White & R. Summers, *Uniform Commercial Code*, § 9–6, at 286 (1972); *Richards Mfg. Co. v. Gamel*, 5 Wn. App. 549, 489 P.2d 366 (1971). Whether a particular defect is patent or latent relates to the affirmative defense of whether the warranty was excluded pursuant to RCW 62A.2–316(3)(b), which provides:

> [W]hen the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; . . .

*See* U.C.C. § 2–316, Comment 8. Because the City had the affirmative burden of proving that the warranty was excluded, the absence of findings is tantamount to a finding against the City. *See Baillargeon v. Press*, 11 Wn. App. 59, 521 P.2d 746 (1974).

The City further contends that the trial court erred in refusing to enter proposed findings that (1) Seattle Flight Service inspected the aircraft fuel prior to each aircraft's flight; (2) Seattle Flight Service was informed of the fuel contamination by the City; (3) despite its knowledge of the fuel contamination, Seattle Flight Service continued to purchase the contaminated fuel for its aircraft; and (4) Seattle Flight Service was a professional buyer of aircraft fuel. We find no merit to this contention. The refusal of the trial court to enter the proposed findings is tantamount to a determination that the City did not sustain its burden of proving the affirmative defenses. *Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975).

Further, the proposed findings are not determinative of the issue of whether the warranty of merchantability was excluded. Under RCW 62A.2–316(3)(b), the implied warranty of merchantability is excluded if the buyer inspects the goods prior to sale and discovers a defect or fails to discover a defect that is reasonably apparent, or refuses to examine the goods after a demand by the seller and an inspection would have revealed a defect. *See* 3 Bender's UCC Serv., *Sales and Bulk Transfers* § 7.03(c) (1978); J. White & R. Summers, *Uniform Commercial Code* § 12–6, at 367 (1972); *Ambassador Steel Co. v. Ewald Steel Co.,* 33 Mich. App. 495, 190 N.W.2d 275 (1971). Any inspection must be made prior to the sale. 1 R. Anderson, *Uniform Commercial Code* § 2–316:48 (2d ed. 1970); *Murray v. Kleen Leen, Inc.,* 41 Ill. App. 3d 436, 354 N.E.2d 415, 420 n.1 (1976). "When the exclusion . . . of a warranty is based . . . on conduct, a question for the trier of fact is ordinarily presented." 1 R. Anderson, *Uniform Commercial Code,* § 2–316:18, at 687 (2d ed. 1979).

There is no evidence that Seattle Flight Service inspected the fuel prior to each sale or that the City required an inspection prior to each sale. Although Seattle Flight Service conducted a preflight inspection and learned that the fuel may have contained some contaminants, there was evidence that it did not know the type, level or degree

of contamination. Under these circumstances, the trial court could reasonably reject the City's affirmative defense that the warranty of merchantability was excluded or the transaction was "as is."

The City's final contention is that the the proximate cause of Seattle Flight Service's damages was its decision to use fuel knowing it was contaminated. We disagree. Under the Uniform Commercial Code, the issue of proximate cause is the same as in pre–Code law. *See* U.C.C. § 2–314, Comment 13; U.C.C. § 2–715, Comment 5; 2 R. Anderson, *Uniform Commercial Code* § 2–715:4 (2d ed. 1971). Unless the evidence is undisputed and the inferences are plain and not subject to reasonable doubt, the question of proximate cause is for the trier of fact. *Boeing Co. v. State,* 89 Wn.2d 443, 572 P.2d 8 (1978).

Affirmed.

ANDERSEN and RINGOLD, JJ., concur.