402 So.2d 1299 (1981)
HALL TRUCK SALES, INC., Appellant,
v.
WILDER MOBILE HOMES, INC., Appellee.
No. 80-2257.
District Court of Appeal of Florida, Second District.
August 14, 1981.
Rehearing Denied September 3, 1981.
*1300 Eric S. Ruff of Trinkle & Redman, P.A., Plant City, for appellant.
Ralph C. Stoddard of Umbarger & Stoddard, P.A., Brandon, for appellee.
RYDER, Judge.
Hall Truck Sales, Inc., seller of a motor grader to Wilder Mobile Homes, Inc., appeals from a judgment adverse to its action to collect on a dishonored check. Appellant argues that any defect in the grader should have been discovered by appellee prior to purchase. We agree that appellee should have discovered the defect, and we reverse.
Appellant sued appellee buyer to collect the amount of a dishonored check. Appellee affirmatively defended on the ground that the grader was not fit for its intended purpose, and thus failed as consideration. At trial, appellant established that appellee purchased the used grader, and part of the consideration was a check for $5,500.00. Appellee became dissatisfied with the grader and stopped payment on the check.
Similar in size to a tractor, a grader has no use beyond leveling and pushing earth. The grader in question, a 1968 Huber, was acquired by appellant a few days before the sale. Appellee knew this, but neither party was aware of any defect. Appellee's president, Wilder, accompanied by a Mr. Muncie, an employee of appellee who is a heavy equipment expert, examined the machine before purchasing it. Muncie had been in the heavy equipment field for forty years, and had disassembled and reassembled equipment like the grader. Muncie went over the machine, started it and drove it in forward and in reverse. He did not, however, attempt to push or grade soil. Neither Muncie nor Wilder inquired whether there was a place on appellant's premises where the machine could have been further tested. Appellant's employee testified that there was such a place, along with a pile of earth for testing purposes.
After appellee purchased the grader, Muncie began to work with it, and discovered that it would not push earth. He traced the problem to the transmission, after disassembling it, and eventually found that the transmission had to be replaced which cost in excess of $5,500.00. The court below found that the defect was "latent," and set off the repair cost against the purchase price.
We begin our analysis of the case with the relevant statutory provisions. Section 672.314, Florida Statutes (1979), provides:
Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind... .
There seems no dispute below that appellant is a merchant with respect to this type of machinery, or that the defect rendered the grader unmerchantable. Thus, appellant breached the implied warranty of merchantability unless some other provision negates the warranty. Section 672.316(3)(b), Florida Statutes (1979), provides:
When the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is *1301 no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him... .
There is no question below that appellee examined the grader, so the question becomes whether the examination ought in the circumstances to have revealed the defect to appellee.
Since the statutory provisions are part of the Uniform Commercial Code, we may examine the decisions of courts of our sister states in applying similar provisions. In Tarulli v. Birds in Paradise, 99 Misc.2d 1054, 417 N.Y.S.2d 854 (N.Y. Civ. Ct. 1979), the court held that the buyer of a bird should have had the bird examined by a veterinarian, who would have discovered on inspection that the bird had anemia. Similarly, in Richards Manufacturing Co. v. Gamel, 5 Wash. App. 549, 489 P.2d 366 (1971), the court held that cosmetic defects in lamps ought to have been discovered by a professional buyer. The court noted:
Even if a more complete inspection would have required labor and inconvenience, the buyer does not have the right to assert an implied warranty of quality and fitness after he has been given an opportunity to inspect and failed to take advantage of it.
489 P.2d 367.
In Refrigeration Discount Service v. Crouse, 2 U.C.C. 986 (Pa.Ct. Common Pleas 1965), the buyer had ample opportunity to examine a used tractor and in fact drove it before purchase. The court held that the buyer ought to have discovered a defect which he had no difficulty in finding three days later. In Perry v. Lawson Ford Tractor Company, 613 P.2d 458 (Okl. 1980), the buyer was unskilled in mechanics. The court sustained a finding that the buyer could not have discovered defects through casual inspection and normal use of short duration.
Unlike Perry, the buyer below would have discovered the defect through normal use of short duration. Further, the buyer below employed the services of an expert for the inspection. We think that the situation below is closer to that of Richards, Refrigeration Discount and Tarulli. Appellee's expert had ample opportunity to inspect the machine, and could have tested its only function on the premises. The defect below was functionally basic to the operation of the machine. Further, appellee knew the grader was not a new machine, and that appellant had obtained it only a few days before the sale.
The evidence supporting the lower court's finding that the defect was "latent" was apparently the fact that the defect was not physically visible. We hold that evidence to be insufficient in view of the contrary fact that the machine would not accomplish the only function for which it was designed. The defect below ought to have been revealed by examination, and appellee's failure to adequately examine the goods negates the implied warranty of merchantability.
The order appealed is REVERSED and the case REMANDED for entry of judgment for appellant.
BOARDMAN, A.C.J., and GRIMES, J., concur.