**CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation, Plaintiff–Appellant,**

v.

**JP & WJ, INC., a Washington corporation doing business as Certified Foodservices Equipment, Defendant–Appellee.**

No. 05–35494.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed March 14, 2007.

ed by 9th Cir. R. 36–3.

Pauline Victoria Smetka, Esq., Katherine Walter, Esq., Helsell Fetterman, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Charter Oak Fire Insurance Company brought this suit against JP & WJ, Inc., d/b/a Certified Foodservices Equipment ("Certified") to recover for property damage and lost income that resulted from the explosion of an oven sold by Certified. In June 1999, the Blackbird Bakery purchased a used direct-fired oven from Certified. The oven was supplied to the Bakery in the same way that it was received by Certified—in pieces on a pallet. It was not equipped with a purge control system, a pre-ventilation mechanism to ensure that the baking chamber is filled with fresh, non-combustible air prior to ignition. Although Certified did not offer an express warranty, it also did not disclaim any implied warranty.

On June 1, 2000—after approximately nine months of use—the oven exploded, damaging both the Bakery and a neighboring business. Charter Oak insured both businesses. After paying the two businesses a total of $253,339.32 to cover the property damage and lost income, Charter Oak commenced this action against Certi-

William E. Pierson, Jr., Esq., Seattle, WA, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fied, effectively seeking reimbursement of that sum.

The district court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The parties agree that Washington state law governs the substantive claims. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the dismissal of a plaintiff's claim in response to a motion for a directed verdict. *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir.2002); *see also West v. State Farm Fire & Cas. Co.*, 868 F.2d 348, 350 (9th Cir.1989) (per curiam) (explaining that federal law controls the standard of review in diversity cases).

After Charter Oak presented its case to the jury, Certified moved for a directed verdict. The district court granted it in part, dismissing Charter Oak's claims that Certified's sale of the oven breached the implied warranty of merchantability and the warranty of fitness for a particular purpose. On appeal, Charter Oak argues that dismissal of the former was improper. Charter Oak also contends that the district court erred when it failed to give certain instructions to the jury.

1. Under Federal Rule of Civil Procedure 50(a)(1), we uphold a district court's dismissal of a claim for which there is "no legally sufficient basis." *Montiel v. City of L.A.*, 2 F.3d 335, 343 (9th Cir.1993); *see also Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1537 (9th Cir.1993) (explaining that a directed verdict is improper if the evidence could sustain a verdict for the non-moving party). "We may affirm the district court on any ground supported by the record, even if the ground [was] not relied on by the district court." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 874 (9th Cir.1987).

Under Washington law, to prevail in an action for breach of the implied warranty of merchantability, a plaintiff must prove:

that a merchant sold a good that was not "merchantable" at the time of sale, that the defective nature of the good was the proximate cause of the injury sustained by the plaintiff, and that the seller has been given notice of said injury. *Seattle Flight Serv., Inc. v. City of Auburn*, 24 Wash. App. 749, 604 P.2d 975, 977 (1979). The pivotal dispute here centers on whether the used oven sold by Certified was "merchantable."

■ Although the evidence suggests that a purge system can play a significant role in improving the safety of a direct-fired oven, no evidence in this record establishes that the sale of a used oven without such a system is so unsafe as to constitute a lack of fitness for the oven's ordinary purpose. The district court's decision to grant Certified motion for a directed verdict with regard to Charter Oak's claim for breach of the implied warranty of merchantability is therefore affirmed.

2. Charter Oak's proposed jury instruction number 26 set out text from the Occupational Safety and Health Act and the Washington Industrial Safety and Health Act. Charter Oak's proposed jury instruction number 33 explained that the violation of a statute, ordinance, or administrative rule is not per se negligence but may be considered evidence of negligence. Although the district court gave the jury a number of other negligence-related instructions, neither of these proposed instructions was given.

■ Certified argues that Charter Oak did not object to these claimed errors at trial. Charter Oak counters that it objected, but it has not furnished the relevant portions of the district court record to support its assertion. In light of the requirements of Federal Rule of Civil Procedure 51 and the inadequacy of the record,

we decline to review the merits of Charter Oak's claim. *See Glover v. BIC Corp.,* 6 F.3d 1318, 1325–26 (9th Cir.1993) (explaining that an objection must be made because a request for a jury instruction is not enough to preserve the right to appeal the trial court's failure to give the instruction); *see also Hammer v. Gross,* 932 F.2d 842, 847 (9th Cir.1991) (en banc) (holding that there is no "plain error" exception in civil cases).

**AFFIRMED.**

FLETCHER, B., Circuit Judge, concurring in the judgment:

I concur in the majority's judgment, and were I to reach the merits, I would concur in its reasoning as well. However, I would not reach the question—as the majority does—of whether the district court properly dismissed Charter Oak's implied warranty of merchantability claim. Rather, I would summarily affirm in light of appellant's failure to present an adequate record. *See In re O'Brien,* 312 F.3d 1135, 1137 (9th Cir.2002) (citing *Perez v. Perez,* 30 F.3d 1209, 1217–18 (9th Cir.1994); *Lowery v. United States,* 258 F.2d 194, 196 (9th Cir.1958); *Dela Rosa v. Scottsdale Memorial Health Systems, Inc.,* 136 F.3d 1241, 1243 n. 1 (9th Cir.1998)).

In violation of Ninth Circuit Rule 10–3.1, Charter Oak delayed approximately three months in ordering the designated trial transcripts. When Charter Oak filed its opening appellate brief in September 2005, it provided no trial transcripts whatsoever.[1] Charter Oak's subsequent reply brief provided some transcripts but continued to omit critical portions of the record that were discussed or alluded to in the briefs. Notably, Charter Oak did not provide the district court's oral ruling on Certified's motion for a directed verdict. This omission marks a clear failure by Charter Oak to comply with Circuit Rule 30–1.4, which requires that the ER include "any opinion, findings of fact or conclusions of law relating to the judgment or order appealed from" and "any other orders or rulings ... sought to be reviewed." 9th Cir. R. 30–1.4(a)(iv) & (v). The rule further states that where the challenged "ruling, order, finding of fact, or conclusion of law was delivered orally, that specific portion of the reporter's transcript recording any discussion by court or counsel in which the assignment of error is alleged to rest" shall be included in the ER. *Id.* at 30–1.4(a)(viii).

To my mind, the lack of an adequate record makes it impossible to complete a proper *de novo* review here. Because Charter Oak omitted crucial transcripts from the ER and utterly failed to comply with Circuit Rule 30–1, I would affirm without reaching the merits of Charter Oak's claim.

---

1. The excerpts of record ("ER") accompanying Charter Oak's opening brief did not offer any trial transcripts. Instead, the ER included the deposition testimony and expert report that had accompanied Charter Oak's motion for partial summary judgment and its opposition to Certified's motion for summary judgment. Since the disposition of the summary judgment motions is not part of this appeal, this material should not have been included. *See* 9th Cir. R. 28–1(b) & 30–1.5.